### JEMIMA SHERWIN *v.* ALPHEUS BUGBEE.

[Same Case, 16 Vt. 439.]

It is necessary, that the warning for a meeting of a school district should be recorded by the district clerk.

If it do not appear from the record of the warning, in such case, that the hour of the day for the meeting was specified in the warning, the defect cannot be supplied by parol evidence, that, in the original warning, the hour for the meeting was named.

Nor can the collector of a tax, raised at such meeting, who seeks to justify the taking of property by virtue of his warrant, be allowed to supply such defect in the record by parol evidence, that all the legal voters in the district were present at such meeting, and voted upon the question of raising the tax.

Any fact, which should be matter of record, should be proved by the record.

TRESPASS for taking a pair of oxen. Plea, the general issue, with notice that the defendant would justify the taking as collector of school district No. 4 in Windham. Trial by jury.

On trial, the plaintiff having proved the taking, as set forth in the declaration, the defendant, in pursuance of his special notice, proved the organization of the district, in accordance with the decision of the Supreme Court in this case, at the February Term, 1844, (16 Vt. 439) and then read, from the records of the district, the warning of the district meeting, at which the tax, for the payment of which the oxen in question were taken, was voted. It did not appear, from the record of the warning, that the hour of the day, at which the meeting was to be holden, was specified in the warning, and the defendant offered parol evidence, to prove, that, in the original warning for the meeting, which was posted up in the district, the hour of meeting was set at six o'clock in the afternoon; to the admission of this evidence the plaintiff objected, and it was excluded by the court.

The defendant then offered to prove, by parol evidence, that, at the said meeting, at which said tax was raised, all the legal voters of the district were present, and voted, and that they all met about

43

Sherwin *v.* Bugbee.

the same time,—which was about the hour of six o'clock in the afternoon.   This evidence, also, being objected to by the plaintiff, was excluded by the court.

The defendant then moved the court to continue the cause, and permit the clerk of the district to amend his records, so as to conform to the fact, as to the warning.   To this the plaintiff objected, and the court refused to grant the continuance, and directed the jury to return a verdict for the plaintiff, for the value of the oxen, if they believed the evidence, introduced by the plaintiff, as to the taking of the oxen and the plaintiff's right of property in them.   To all which decisions of the court the defendant excepted.

*A Keyes* for defendant.

1.   There was error in the county court, in refusing to admit parol proof of the warning.   To entitle any writing to the credit of a record, it must have been recorded by requirement of law.   The statute does not require the warning to be recorded; it only requires the clerk to record the votes and the proceedings of the meeting.

2.   The court erred, also, in rejecting parol proof that all the members of the corporation were present at the meeting and voted. If the members of a corporation are duly assembled for one purpose, they may record notice and proceed to other business.   But if some of the voters are absent, or refuse their assent, the proceedings are void.   *Rex v. Theodorick,* 8 East 543.   *Rex v. Gaborian,* 11 East 87, note.   Angel & Ames on Corp. 39.   If it be said, that the statute requires notice posted up, we answer, a notice was given, by posting up, as the law directs, which called all the voters, all who had a voice in the meeting, together about the same time.   If some are notified and assemble, and others assemble without notice, and they all act in the proceedings, it is a record of notice.   *Rex v. Oxford,* Palm. 453.   Ang. & Am. on Corp. 394.

*W. C. Bradley* for plaintiff.

It appeared by the notice, as recorded in the records of the district, that the provision of the statute, in reference to the warning required, was not complied with, as to *time,* and it is contended by the plaintiff, that this defect cannot now be supplied, as parol proof

Sherwin *v.* Bugbee.

is not admissible to add to the record,—*Britton* v. *Lawrence et al.*, 1 D. Chip. 105,—except where it is necessary to *explain* the record, —Cowen's Phillips 839, 840, 971–2,—especially in a case to which the corporation itself, by whose officer the record was made, is a party; *Hutchinson* v. *Pratt*, 11 Vt. 418.

But it is said that this was not regularly a record, because the statute does not require the warning to be recorded; but we contend it is so required; for it is made the duty of the Clerk "to keep a fair record of all the votes and proceedings of the meetings," and, as no money can be raised, but "in a legal meeting, appointed and *notified* as required," the very notice, by the officer of the district, being *directly* necessary to the legality, and generally referred to in the acts of the meeting, becomes necessarily a part of the votes and proceedings; and a contrary doctrine would be very pernicious.

The defendant also attempted to introduce parol testimony of the attendance and voting of all the legal voters. This is evidently founded on the authority of *Rex* v. *Theodorick*, 8 East 86; but even there it appears there was an unanimous *agreement to waive* notice, and it was clearly admitted, that, if the charter required a special notice, it could not be dispensed with, even by unanimous consent. Ang. & Am. on Corp. 278, § 5; *Stowe* v. *Wyse*, 7 Conn. 214. These, however, are cases of purely private corporations; but in public and *quasi* corporations, like the present, the rule is much more strict; for by votes, taxes, and land titles dependent thereon, they affect, not only the corporators, but other persons, not voters, or residents, in the district, but having estate therein.

The opinion of the court was delivered by

HEBARD, J. In this case two questions have been presented. The first is, whether the defendant can show by parol the time of the day at which the district meeting was warned to be holden,— which is omitted in the record of the warning. The other is, whether the defendant can show by parol, that all the legal voters in the district were present at the meeting, and voted on the question of raising the tax, for payment of which the oxen were taken.

The first question depends mainly upon the question whether the

warning is to be regarded as a part of the proceedings, which are required, by law, to be recorded. This must depend mainly upon its connection with the business, that is done under it. It is not made necessary by any express provision of the statute, as in the case of warnings for town meetings. The statute was undoubtedly intended to provide for such a record of the proceedings of the district, as would render it unnecessary to have any thing supplied by parol, in order to determine the legality of the proceedings. The statute requires notice to be given by a warning; and all the business to be transacted must be set forth in the warning. Unless the warning is recorded, there is no way of ascertaining whether the proceedings were legal;—and this, undoubtedly, should be the state and condition of the records. They should furnish all the means for testing the validity of the proceedings. With this view, it would seem to follow that no omission in the record of the *warning* could be supplied by parol.

The main question was settled by this court at their last session in this county. It was then considered that the time of day, at which the meeting was to be held, was an essential part of the notice, and that it could not be dispensed with.

It is next insisted, that the offer to prove that all the legal voters of the district were together at the meeting and voted should have been allowed. But this is substantially the same question, in principle, that we have just disposed of. The objection is to the mode of proof. Any fact, that should be a matter of record, should be proved by the record. That all the voters in the district were present is not necessary, in order to make the proceedings legal; nor can such fact be gathered from the record. To allow parol proof of that fact, as a substitute for a fact that should appear from the record, would be substituting *parol proof* for the *record.*

It is to be noticed, that all the powers, which the district have, for raising money and collecting taxes, are given by the provisions of the statute, and that the district can only exercise these powers by following the provisions of the statute. And it is also to be noticed, that the *powers*, with which the district is thus vested, are to affect *non-residents*, and others, who are not voters. To permit the district to exercise this authority, without complying with the pro-

visions of the statute, would be sanctioning the collection of taxes, without the consent of those who are taxed, and against law.

The case of *The King* v. *Theodorick*, 8 East 543, has been cited as an authority by the defendant. But that case and the one now before the court cease to appear *parallel*, when we examine the provisions of the charters of the respective bodies. In the case from East the charter required no special summons to the *electors*, for the purpose of holding the election. In the case of school districts the statute does require a special *summons* or *notice*, to be given to the voters, and specifies the length of the notice and the manner of giving it. And in the case cited, Lord Ellenborough says, "If a summons of any kind had been specially required by the charter, a compliance therewith would have been strictly necessary, in order to have rendered the election valid." We therefore think this an authority which *favors*, rather than opposes, the ruling of the county court.

The subject of imposing taxes has always been scrutinized and narrowly watched; and a strict and rigid compliance with the law has been required, to make the taxes legal. The case of an *election* has usually been construed more liberally,—the powers exercised depriving no individual of his property, or of any legal right. But in the collection of taxes it is otherwise. Money is thereby taken from the pockets of individuals, who have no right to participate in the proceedings, and who, perhaps, have no interest in the design and purpose, for which the tax is raised; and, while they may be compelled to part with their money without their consent, they at least have a right to insist that it shall be *according to law*.

The judgment of the county court is affirmed.