### BELA CHANDLER *v.* HOSEA BRADISH.

*School district. Annual meeting. Election of prudential committee. Warning of school meeting. Sufficiency of vote to assess a tax. Validity of rate bill.*

School district officers, elected at an annual meeting of the district, will hold their offices until others are elected, at another annual meeting, to supersede them; and it makes no difference whether the second meeting is a few more, or a few days less, than one year from the time the first meeting was held.

When a school district, at an annual meeting, have appointed one person to act as prudential committee, it is not competent for the district, during the year, to supersede him by appointing another person in his place, or by adding more to the number of the committee.

It is not essential to the validity of the proceedings of a school district, at their annual meeting, that there should have been any request to the clerk to warn the meeting.

An article in the warning of a school meeting, to see whether the district will have a school the ensuing winter, and to see what method the district will take to pay the expense of said school, is sufficient to authorize the district to vote a tax upon the grand list to defray the expense of the school.

And a vote, at a meeting so warned, " to pay the expense of the school with money drawn from the town, and the residue, if any, on the grand list of the district," will authorize the committee to make a rate bill, upon the grand list of the district, for a sum sufficient to pay the excess of the expense of the school above the amount received from the town, whenever the amount shall be ascertained.

And it will not affect the validity of the rate bill, that it is made for an amount exceeding, by some small sum, the actual amount of the expense of the school above the amount received from the town.

Trover for a harness.    Plea, the general issue, with notice that the defendant would justify the taking as collector of a school district tax, and trial by jury, November Term, 1849,—Kellogg, J., presiding.

On trial, the plaintiff having proved the taking of the property by the defendant, and its value, the defendant offered in evidence the record of a meeting of school district No. 17 in Chester, held September 16, 1847.   The warning, which was signed by the clerk, after reciting, that application had been made to the clerk to warn the meeting, notified the district to meet and act upon the following articles, among others,—" To choose district officers, as the law directs;"—" To see if the district will have a school the ensuing winter, and, if any, how much;"—" To see what method the district will take to pay the expense of said school."   The record of the meeting showed, that Robert Campbell was elected prudential committee ;—that the district voted, " To have three months school the ensuing winter ;" and voted, " To pay the expense of the school with money drawn from the town, and the residue, if any, on the grand list of the district."   The plaintiff objected to the admission of the record, on the ground that no written application was made to the clerk of the district to call the meeting, and that the record did not show any sufficient vote to authorize the assessment of a tax. But the objection was overruled, and the evidence admitted.   The defendant then offered in evidence a rate bill, signed by Robert Campbell, as prudential committee, and purporting to have been made in pursuance of the vote of the district passed September 16, 1847, and assessing a tax of fourteen cents upon the dollar on the polls and rateable estate liable to assessment for the support of schools in the district the current year, and assessing against the plaintiff a tax of $1,75.   This rate bill was signed by Campbell March 8, 1848, and was delivered to the defendant, as collector, with a warrant in due form attached, March 31, 1848 ; and by virtue of this rate bill and warrant the plaintiff's property, in question, was taken.   The plaintiff objected to the admission of the rate bill and warrant, upon the ground that the vote passed September 16, 1847, did not authorize the assessment of the tax ; but the objection was overruled, and the evidence admitted.   It was conceded, that the district was regularly organized, and that the plaintiff resided in

the district and had a legal grand list there, and that the defendant's proceedings, in distraining and selling the property, were correct, if the tax were legal.

It appeared, that Amasa Thompson was elected prudential committee of said district October 24, 1846 ; and it was stated in the bill of exceptions, that the court found the fact, that he held that office until October 24, 1847. The plaintiff gave in evidence copies from the records of the school district, from which it appeared, that Elliott J. Swift and John Ellison, Jr., were elected additional prudential committee of the district, September 30, 1847 ; and also copies from the records, showing that the district, at a meeting held April 30, 1848, voted a tax of fourteen cents on each dollar of the grand list, to defray the expenses of the school in said district for the winter of 1847–8. It appeared, that a rate bill and warrant were made in pursuance of the vote passed April 29, 1848, and that the rate bill was signed by said Swift and Ellison, but that Campbell refused to sign it, and that the defendant, as collector, refused to receive it.

It appeared, that the order received by the prudential committee of the district from the town of Chester in March, 1848, amounted to $43,42, and that the expenses of the school in the district, for the winter of 1847–8, amounted to $62,50, and that the tax assessed under the vote of the district passed September 16, 1847, for the payment of which the harness was taken, amounted to $20,11,— being $1,03 more than was sufficient to pay the residue of the expenses of the school, after deducting the amount of the town order. It appeared, that the expenses of the school and the amount of the order to be received from the town could not have been known until January, 1848.

Upon these facts the county court rendered judgment for the defendant. Exceptions by plaintiff.

*H. E. Stoughton* for plaintiff.

The record of the meeting of September 16, 1847, does not show a vote to raise money, but merely a vote to have a school supported upon the grand list. There is no limit prescribed, beyond which the committee, in the exercise of their discretion, could not go,—as there was in the case of *Brown* v. *Hoadley*, 12 Vt. 472. The ex-

penses were within the control of the committee; and the fact, that he must keep within limits prescribed by himself, would afford a very poor protection to the inhabitants of the district. The tax could not be assessed within a reasonable time after it was voted; and for this reason it was void.

The rate bill relied upon was inadmissible. The sum assessed exceeded the balance of the expenses of the winter school, after deducting the town order,—thereby disregarding the only rule, which could be construed as a limitation.

Swift and Ellison were elected additional committee, before Campbell entered upon the duties of that office; and in this view the case is to be distinguished from that of *Mason* v. *Sch. Dist. No. 14 in Brookfield*, 20 Vt. 487, where the current year of the committee first elected had commenced before the election of the additional committee. Swift and Ellison should therefore, or at least one of them, have signed the rate bill.

*L. Adams* for defendant.

The election of the two additional prudential committee, after the annual meeting, was void. 20 Vt. 487.

The vote of the district, at its annual meeting, September 16, 1847, was sufficient to authorize the committee to assess the tax. *Brown* v. *Hoadley*, 12 Vt. 472. *Gove* v. *Lovering*, 3 N. H. 292.

The opinion of the court was delivered by

REDFIELD, J. 1. We think the meeting of September 16, 1847, is to be regarded as the annual meeting of the school district, and that the officers elected at that time would hold the offices, for which they were elected, from the date of their election until others were elected, at another annual meeting, to supersede them,—whether a few days more or less than a year from that date. This has certainly been the practical construction of that statute, and is the only one, which would be consistent with reason, unless some particular day for the commencement of the term of office were fixed by law, as in the case of county officers.

2. We think the case of *Mason* v. *Sch. Dist. No. 14 in Brookfield*, 20 Vt. 487, fully decides, upon satisfactory grounds, that it is not competent for the district, during the year, having once appointed one person to act as prudential committee, to supersede him

by appointing another in his place, or by adding more to the number of the committee. Having appointed the committee for the year, they have expended their power over the matter, until a vacancy occurs, in one of the modes pointed out in the statute, or the year expires.

3. The objections made to the proceedings of the district, in assessing the tax, are,—1. That there was no request to the clerk to warn the meeting. We understand this objection is not well founded in fact; and if it were, it is not indispensable to the legality of the meeting. That is one of the modes, in which the clerk may be compelled to warn a meeting of a school district; but if he warn one without such request, it would doubtless be legal,—especially the annual meeting; and even if it were indispensable to the legality of the meeting, it would no doubt be presumed, as was held in *Corliss* v. *Corliss*, 8 Vt., in regard to records of the probate court;—2. That the vote of the tax was insufficient. We think the warning sufficiently indicated this subject, as one to be acted upon at the meeting. And we have little doubt, it was at the time intended and regarded as a vote to raise sufficient money, upon the grand list, to defray the balance of the expense of the school above the public money; and we think such intention should be carried out, if it can fairly and reasonably be done. And we see no good reason, why a vote of this kind is not sufficient. This is all that can be done in advance of the service. And unless we require all school district taxes to be voted after the expense is incurred and the exact sum known, we do not see, why such a vote as the present must not be regarded as sufficient.

The time of the assessment must of course be after the amount is known, and when the money is required. The determining a limit, as in the case cited of *Brown* v. *Hoadley*, 12 Vt. 472, seems to us to be mere form. That case seems to us a sufficient justification of the vote in the present case.

No objection seems to have been made to the tax bill and warrant, except that the vote of the district did not authorize the assessment of the tax, and that the tax exceeded the sum required by one dollar and something more. This last objection we do not regard as fatal. It is of course impossible to know how large a portion of the tax will fail of collection, and it must of necessity be somewhat larger than the precise sum required. Judgment affirmed.