SAMUEL ADAMS *v.* GEORGE W. HYDE.

*School district tax.    Its assessment on real estate.    Pleading.*

A vote by a school district, that a tax be raised to pay the expenses of the repairs of their school house is sufficient and valid, without a limitation as to the amount of the tax or its rate *per cent.*

When the statute requires the real estate situated in a school district to be assessed for the district taxes, but provides for no separate valuation of that portion of an individual's real estate which is situated in the district; it is competent for the prudential committee to make the assessment upon such a proportion of the general valuation of all the individual's real estate in the town, as the value of his real estate in the district bears to that of the whole.

An averment that the listers put the plaintiff's real estate in the grand list at a certain sum, is a sufficiently direct and positive averment that he had a grand list, to that amount, for his real estate.

TRESPASS for taking two oxen. Plea, the general issue, and three special pleas in bar; the last of which set forth the existence of the school district No. 4, in the town of Grand Isle; the application for, warning and holding of a meeting of said school district on the 15th day of January, 1847, at which meeting it was voted " that a " tax should be raised on the grand list and rateable estate in said " district to pay the expenses of the repairs of their school house " in said district;" that at and prior to that time, the plaintiff was an inhabitant of said town, though not of said district, and owned a large amount of real estate in said town, a part of which was in said district, the appraised value of all which, in the grand list of said town was $9,869.93, "and that he was then and there, by the " listers of said town, therefor, set in the grand list of said town " for 1846, the aforesaid sum of 9869 dollars and 93 cents, the " whole list of said Adams for 1846 in said town being 10,931 dol-" lars upon which he was liable to be assessed and pay taxes in " said town;" that the listers of said town for the year 1846, did not set in the grand list for that year the appraised value of the real estate in each district severally, and were not required so to do by the then existing laws of the state; that the prudential committee of said district ascertained that, to pay the expenses of the repairs of the school house, it would be necessary to raise the sum of $291.01; and that to raise this sum it would be necessary to assess a tax of 65 cents and 7 mills on the dollar of the grand list of said district, and assessed the same "on the grand list of the " inhabitants of said district, for the year 1846, in said town, " (excluding all the lists made up upon real estate situate out " of said district,) and upon the grand list in said town for the year " 1846, made up on real estate situate in said district uniformly " and proportionally against the persons respectively, having a " grand list upon which said tax might legally be assessed accord-" ing to their respective amounts," and made out a tax or rate bill for the collection of said tax, " wherein among others the said Sam-" uel Adams was taxed and assessed on his said grand list for 1846, " the sum of 28 dollars and 26 cents, and no more, which was his " just share of said tax in proportion to his grand list aforesaid, made " up upon his real estate situate in said school district and no more." And said plea further set forth that the said tax bill, &c, was deliver-

ed to the defendant, who was the collector for said district, and that by virtue of it he took the oxen in question, &c. No question being made as to this part of the plea it is unnecessary to set it forth more fully. To this plea the plaintiff demurred, assigning several special causes, the more material of which sufficiently appear in the opinion of the court.

The county court, February Term, 1854, — Peck, J., presiding, — adjudged said plea insufficient, to which the defendant excepted.

*M. L. Bennett* and *G. Harrington*, for the defendant.

*Wm. W. White*, for the plaintiff.

The opinion of the court was delivered at the circuit session, in September, by

Redfield, Ch. J. The only question reserved in the case is in regard to the sufficiency of the fourth plea, being the third special plea in bar. And the first point made relates to the sufficiency of the vote of the district, " that a tax should be raised to pay the expenses of the repairs of their school house." It is argued that the amount to be raised, or the rate *per cent* of the tax, should be limited in the vote. It is obvious that any such limitation could be but a conjecture, or approximation towards the truth. Really the most sensible and safe mode, must be, to do it, in the mode here done. The only other mode would be to have a committee to examine and report the amount required, and to adjourn the meeting of the district to receive and ratify the report. But this we think, may with propriety, be left to the discretion of the committee, and that they may be authorized to assess a tax for the amount found necessary. This point is expressly decided in *Chandler* v. *Bradish*, 23 Vt. 416. The object and purpose of the vote to raise money, and the mode of expenditure, is here made as definite as could be expected; more so than in *School District in Canton* v. *Merrill*, 12 Conn. 437. There seems to us to be no difficulty upon this point.

We think the plea does in terms allege, " that he (plaintiff) was then and there, by the listers of said town therefor (*i. e.* his real

estate in town,) set in the grand list of said town, for 1846, the aforesaid sum of 9869 dollars and 93 cents, (the whole list of said Adams, &c. being 10,931 dollars upon which he was liable to be assessed, and pay taxes.") This averment, as to the real estate, certainly seems sufficiently direct and positive. If the listers put the plaintiff's real estate in the grand list, at a certain sum for taxes, this seems to us a direct and positive averment, that he had a grand list to that amount for real estate in town.

The remaining portion of the argument seems to turn upon the point of the listers making no separate assessment for plaintiff's real estate, lying in this school district. This, as the statute then was, the listers were not required to do. And still the statute made all real estate liable to be assessed, for district taxes, in the school district where situated. We suppose the consideration that the statute was subsequently altered, and the listers required to make separate assessments of all real estate, not in the school district where the owner or occupant resided, is not to be taken into the account here, in determining the legality of the proceedings of the committee of this district, in assessing this tax. This question ought now perhaps to be treated as if the statute were still the same it was at the time this assessment was made. It is then a mere question whether the real estate of persons, not residing in the school district shall be altogether omitted in assessing taxes because the law, by mere casualty, has made no provision for a separate estimate, by the listers. Is it impracticable to effect any such apportionment? This, as the question then presented itself to the committee of this school district, was not a matter, wherein they could adopt one safe course, and one doubtful one. If the real estate of non-residents, as the statute provided, was really liable to taxation, the voluntary and purposed omission of such property, would be likely, upon settled principles, to invalidate the assessment made upon other property, or persons. For it cannot be regarded, as competent for the committee to exercise an arbitrary discretion, as to the property, or lists, upon which they will assess, or omit to assess a tax. This is a matter fixed by the law.

The only question then is, whether when the statute requires the property to be assessed, but provides for no separate valuation, it is competent for the committee to assess the tax upon a propor-

tion of the general valuation, equal to the relative value of the estate in question, to the whole estate set in the list ? If the thing can be done at all, it must be done in this mode obviously. And in doing this, the committee must be regarded as acting somewhat upon their peril, and bound to keep within the fair and reasonable proportion of the whole estimate. But within that limit it seems to us reasonable, and just, and sensible to say, that as the law required the assessment to be made, and provided no other rational mode of making it, and this is the natural and obvious one of doing the thing that the officers of the district should be protected in thus accomplishing an onerous and perplexing service. We know that sometimes great wisdom is manifested in courts, by making nice refinements upon the constructive powers of subordinate officers and magistrates. And we are unable to comprehend, why the maxim *ut res magis valeat quom pereat* is everywhere applicable, except to the ignominious, but necessary office, and acts of those persons, appointed by law, to the needful, but sometimes offensive duty of assessing and collecting public taxes. It did always seem as if such persons were fairly entitled to as favorable consideration as any other class of persons in courts of justice. And if so, it could scarcely be questioned, that when the statute in terms required taxes to be assessessed upon certain property, and it was done in the only practicable mode, under the existing provisions of the law, it should be held legal and sufficient.

Another consideration will show the necessity of some one (and of course it must be the prudential committee, as no one else was appointed by law, to do the service,) apportioning the valuation of real estate of such persons, residing in the district, as owned, and were listed for real estate lying in other school districts, in the town. For unless this could be done under the law, as it then stood, no legal tax could be assessed upon the lists of such residents, in the district, as owned land out of the school district, as the statute then required, that they should only be taxed upon their list, for personality and real estate lying in the district. And as it is supposable, that all the lists in the district might be of persons of this description, and of real estate of non-residents, a case might occur where no tax could be assessed, upon any list, without first making such an apportionment. And as any alteration of the law is not a mat-

16

ter of course, it is quite within the range of reasonable conjecture, that the construction of the law contended for, might result in the perpetual disfranchisement of some school districts in the state. At all events it is a construction so much based upon the spirit of demolition rather than upholding of the reasonable exercise of needful and just powers, that we are not prepared to view it with much favor, certainly not to adopt it.

And without going into any extended argument upon the particular averments in the plea, it seems to us that they are sufficient upon a reasonable construction, to show that the tax was assessed upon the plaintiff's real estate, situate in this district, in proportion to its whole valuation. We have no doubt a sharp critic might make a tolerably plausible exposition of the indirectness of some of these averments, so as to show that it was possible to overthrow the plea in matter of form. But we think it requires far more labor to fairly *misunderstand* the plea, than it does to make it perfectly perspicuous, and in such a case we have no time to expend.

Judgment reversed and judgment that the fourth plea is sufficient and that the defendant recover his costs.

Repleader awarded on the usual terms.

BENNETT, J. being of counsel did not sit in this case.

NOTE. In saying that the committee act at their peril, in making the apportionment we suppose it will be understood, that their acts, in this duty, as in every other, are to receive the same reasonable and favorable construction, that we apply to other similar acts of other men or bodies of men, that everything will be considered as fairly and formally done until the contrary be fully shown.