Bill v. Dow.

## GILMAN BILL v. R. B. DOW.*

*School District, Power of Town to Change at Special Meeting. Grand List. Presumption. Evidence. Collector. Gen. St. c. 22, s. 20.*

1. The town, at its annual March meeting, voted "to set school district No. 13 on to district No. 4," and at a special meeting called the same year for that purpose, it voted to rescind said vote, and "to form a new district out of the territory that was formerly district No. 13, together with the inhabitants and property, and call the same 13." *Held (a).* that

* Heard, May Term, 1883.

the town had power to rescind the vote, and to form a new district; (*b*) that the boundaries were sufficiently definite; (*c*) that the old officers were not the officers of the new district.

2. If it is necessary that a collector of taxes be sworn, his testimony is competent to prove that he was.

3. A vote, "that the committee raise a tax upon the grand list of the inhabitants of the district to defray the expense of the schools," is sufficient to authorize the assessment of a tax.

4. It is presumed that the grand list was seasonably lodged in the town clerk's office, it being regular on its face and produced from that office, and nothing shown to the contrary; also, that the tax-warrants came into the collector's hands legally, although directed to other persons.

REPLEVIN for a horse. Plea, general issue and notice that the defendant was collector of taxes in school district No. 13 in Woodbury. Trial by court, March Term, 1882, REDFIELD, J., presiding. Judgment for the defendant. The vote of March 25th, 1879, mentioned in the opinion, is stated in the third head note.

*J. P. Lampson*, for the plaintiff.

The town could not rescind the vote. *Stoddard* v. *Gilman*, 22 Vt. 568. The vote of May 11th did not sufficiently describe the new district. *Gray* v. *Sheldon*, 8 Vt. 402; *Pierce* v. *Carpenter*, 10 Vt. 480. If the vote was rescinded, then the old officers were the ones to act. R. L., s. 769; *Walker* v. *Miner*, 32 Vt. 769. It is not to be presumed that the grand list was returned before May 15th; it must be proved.

*L. D. Hathaway*, for the defendant.

The town had the power to rescind the vote. *Stevens* v. *Kent*, 26 Vt. 503. The grand lists were admissible. *Barnet* v. *Woodbury*, 40 Vt. 266. The vote of May 11th sufficiently described the new district. *Pierce* v. *Carpenter*, 10 Vt. 480; *Sawyer* v. *Williams*, 25 Vt. 311; *Hubbard* v. *Newton*, 52 Vt. 346.

The opinion of the court was delivered by

ROWELL, J. At the annual meeting in 1878, the town voted "to set school district No. 13 on to district No. 4." By force of this vote, No. 13 ceased to exist as a distinct and independent district:

*Greenbanks* v. *Boutwell*, 43 Vt. 207; and its offices became vacant: *Stevens* v. *Kent*, 26 Vt. 503. A meeting was duly warned for May 11, 1878, to rescind said vote, and "to constitute said school district No. 13 and its inhabitants therein, with their grand lists, into a school district by itself, and to be called 13." At the meeting thus warned, the town voted to rescind said vote, and "to form a new district out of the territory that was formerly district No. 13, together with the inhabitants and property, and call the same 13."

Sec. 20, c. 22, Gen. Sts., made it the duty of towns when necessary for the accommodation of their inhabitants, to divide their territory into school districts, and from time to time to divide such as were too large, unite such as were too small, or otherwise to alter them and make new districts, as should be found expedient. Under this statute, the town had ample authority to rescind said vote, and to form a new district as it did. And such new district was identical with the old 13 in extent and limits, and hence its boundaries were equally definite and certain. *Hubbard* v. *Newton*, 52 Vt. 346. But though identical in fact it was different in law, and the officers of the old were not *virtute officii* officers of the new.

The grand list of 1879 being regular on its face and produced from the office in which the statute required it to be lodged, the presumption is that it was seasonably lodged there, nothing appearing to show to the contrary.

If it was necessary for the defendant to have been sworn, his own testimony was competent evidence to show that he was sworn.

The vote of the district of March 25, 1879, was sufficient to authorize the assessment of a tax thereunder. *Chandler* v. *Bradish*, 23 Vt. 416; *Adams* v. *Hyde*, 27 Vt. 221.

It is objected that the tax-warrants are directed to persons as collectors other than the defendant, and hence that they show no authority in the defendant to execute them. The exceptions do not disclose why the tax-bills and warrants came to defend-

ant's hands, it must, therefore, be presumed that they came to his hands legally for collection and execution, as they might under the statute.

Judgment affirmed.