## DAVID T. ROWELL *v.* EDWIN HORTON.

*Taxation.    Vote.    Committee  of  School  District.    Assessment.    Warrant.    R.  L.  ss.  2693,  3053.*
*Replevin.    Collector.*

1. A school district voted to have two terms of school, and " to use the public money, and raise the balance on the grand list, for the support of said schools." After using the public money to defray the expenses of the first term, it was necessary to raise only $41.85; but before the second term commenced the committee assessed a tax amounting to $153.14; and also another tax, after the close of the second term, which was $32.14 in excess of the expenses of that term. *Held*, that the tax was illegal, in that, while a slight excess over the amount voted would not vitiate the tax, here the excess was unreasonable; and, under the vote, that the public money could be used only towards defraying the expenses of the school.

2. It is necessary that a collector of town taxes should have a legal warrant to collect unpaid highway taxes delivered to him by the selectmen under R. L. s. 3053.

3. HIGHWAY TAX—WARRANT. It was held that an old warrant, made by alterations to serve as such to several successive tax bills, which warrant was dated in 1882, and intended by the selectmen to apply to the tax-bill of that year, was inapplicable to the tax-bill of 1881; and that the defendant collector could not justify under it the taking of a tax-payer's property to pay a tax of 1881.

4. ASSESSMENT. In making an assessment a committee has no right to anticipate that tax-payers who are good will not pay their taxes, and assess enough more to cover that contingency.

REPLEVIN for a wagon.    Plea, not guilty.    Trial by court, March Term, 1884, VEAZEY, J., presiding.    Judgment for the plaintiff.

The defendant was constable and collector of taxes of the town of Chittenden, and collector of school district No. 1 in said town; and justified the taking and detaining said wagon under three several tax-bills and warrants.    Two of the warrants were for the collection of school-district taxes, and one warrant for the collection of highway taxes.    As to this last-mentioned warrant the exceptions stated:

" This highway tax was made upon a book that had been used for containing the highway taxes of said district for

several years, and the same warrant used for the collection of the first tax in the book, was altered over from year to year, so as to fit the tax of that year, and the certificate of the selectmen had been changed in a similar manner ; and as new men were elected to the office of selectmen they would stick a piece of paper over the names of the old selectmen and write their names upon such piece of paper. In 1881 the certificate was changed by changing its date and the year of the grand list, and pasting on the paper to be signed by the selectmen ; and the warrant was also changed in its date, and by pasting a piece of paper over the name of the justice signing it, upon which another justice signed his name. This book, with said tax made out and extended therein, and said certificate and warrants therein, was put in the hands of the highway surveyor in said district, who required the plaintiff to work out his tax therein contained according to law, which the plaintiff refused to do. In the spring of 1882, the selectmen for that year placed in said book the list of taxes for said highway district, and changed the date of the certificate, intending to make it apply to the new tax for 1882, and a new member of the board of selectmen wrote his name, over the name of a member of said board for the year 1881, who was not re-elected, and the date of the warrant was changed so as to make it apply to the tax for 1882.

"On the 4th day of October, 1882, the selectmen put said book with the certificate and warrant as they now appear therein, into the hands of the defendant as constable and collector of said town, and directed him to collect the tax thereon against the plaintiff."

The other facts are sufficiently stated in the opinion.

*W. C. Dunton* and *Edward Dana*, for the defendant.

It was the duty of the committee to assess a tax large enough to realize the amount of the expenses of the school. They knew that the taxes of the plaintiff and Harrison—two of the principal tax-payers—could only be collected after litigation. *Chandler* v. *Bradish*, 23 Vt. 416.

The vote is broad enough to allow, if necessary, the public money to be applied towards the payment of the old in-

debtedness. It was discretionary with the committee to raise by taxation enough to pay the expenses of the school.

J. C. Baker and C. L. Howe, for the plaintiff.

The committee could assess only such taxes as were voted. R. L. s. 631. By the vote the public money was to be used towards paying the expenses of the school. Applying it thus, an assessment was made almost four times the amount limited by the vote. This rendered the tax void. *Bowen* v. *King*, 34 Vt. 156; *Brown* v. *Hoadley*, 12 Vt. 472; *Adams* v. *Hyde*, 27 Vt. 221; Cool. Tax. 296; *Adams* v. *Crowell*, 40 Vt. 31. As to the warrant for collecting the highway tax, see R. L. s. 351; *Alger* v. *Curry*, 38 Vt. 382; *Capron* v. *Raistrick*, 44 Vt. 515; *Allen* v. *Burlington*, 45 Vt. 202; *Hassam* v. *Edwards*, 49 Vt. 7. The case differs from *Goodwin* v. *Parker*, 39 Vt. 598.

The opinion of the court was delivered by

ROWELL, J. On March 29, 1881, the school district voted to have two terms of school of fourteen weeks each, to commence on the first Monday of May and the first Monday of December respectively, and "to use the public money, and raise the balance on the grand list, for the support of said schools."

We construe this vote to mean, that the public money should be used towards defraying the expenses of the schools, and that the balance only of such expenses should be defrayed by money raised by taxation.

The statute provides that the prudential committee shall, as soon after the vote of the district for that purpose as the circumstances of the case may require, assess a tax *for the amount voted to be raised*, &c. R. L. s. 631. It is true that the assessment of a slight excess over the amount voted to be raised, added to cover possible contingencies in collecting, has been held not to vitiate the tax; and this, because

3

courts will not take notice of small things in these matters, but are disposed to uphold taxes when the excess is comparatively insignificant. Such was the case of *Chandler* v. *Bradish*, 23 Vt. 416. But from the very reason of the thing, you cannot go beyond this without throwing down the safeguard that the statute has erected. The vote of the district is the only authority for assessing the tax at all; and when the prudential committee goes beyond the vote, it goes beyond its jurisdiction, and its acts are void.

Nor are the contingencies referred to above such as is claimed were attempted to be provided for in this case. The committee had no right to anticipate that plaintiff and Harrison would not pay their taxes, and therefore assess enough more to cover that contingency; for the case finds that they were both good, and that a legal tax could be collected of them at any time.

But it is said that the first tax, which was assessed on October 1, 1881, is not void, because it did not, as it turned out, exceed the expenses of both terms of school. But this tax was assessed before the winter term commenced, and before its cost was known, and not at all for the purpose of defraying the expenses of that term or any part thereof, but for the express purpose of defraying the expenses of the summer term, as is shown by the certificate of the committee appended thereto. Besides, it is said in *Chandler* v. *Bradish*, under a similar vote, that the assessment must be made after the amount to be raised is known, and when the money is required.

When the first tax was assessed, it was necessary to raise $41.85 only, as the public money would defray the expenses of the summer school into that amount. But the amount of that tax was $153.14, which was $111.29 in excess of what was required—an excess entirely unwarrantable.

The other tax, assessed March 4, 1882, was $32.14 in excess of the expenses of the winter school; and if we add to this the excess of the first tax, we have a total ex-

cess of $143.43, which is more than 88 per cent. of the entire sum to be provided for by taxation.

Taking the statutes for the collection of taxes altogether, it is considered that section 3053 was not intended to dispense with a warrant for the collection of highway taxes by the collector of town taxes. Section 2693 expressly requires the selectmen to annex to town and highway tax-bills, warrants for their collection. The State Treasurer and county treasurers are severally required to issue warrants for the collection of State taxes and county taxes. Section 368. Warrants are also required for the collection of school-district taxes and village taxes. And in the case of the town-school tax—generally called the state-school tax—although the statute does not expressly provide for a warrant, yet, in *Wilson* v. *Seavey*, 38 Vt. 221, it was held that one was necessary; and the court said that it was unreasonable to suppose that the Legislature intended to dispense with a warrant in the single case of the state-school tax and require one in all other cases. When a delinquent is committed to jail, the statute provides generally that the collector shall leave with the jailer a copy of his warrant, with his doings certified thereon. Without this, the jailer would have no evidence of his authority to receive and imprison the delinquent. Thus it appears to be the settled general policy of the State to require warrants for the collection of taxes, and no exception to that policy should be allowed unless by clear statutory intendment, seeing that every reason is in favor of the policy and none against it.

But it is contended that if a warrant was necessary in this behalf, a sufficient one was annexed to the tax-bill of 1881. But not so. The warrant referred to was ambulatory, having been made by means of alterations to serve as a warrant to several successive tax-bills, and in its progress, at the time in question, it had passed the tax-bill of 1881, and been annexed to the tax-bill of 1882. But it is argued that the attempt to make the warrant apply to the tax-bill

of 1882 was abortive, for that the certificate of the selectmen attached to it still showed that the tax to be collected was assessed on the list of 1881. The certificate is as follows:—

Highway Tax-Bill for District No. 3 in Chittenden.

The within is a rate-bill of a highway tax of 25 cents on the dollar of the grand list of District No. 3 in Chittenden for A.D. 1881, made and assessed by us this 21st day of May, 1882, and voted by said town March, 1882.

This certificate was signed by the selectmen of 1882, two of whom were also selectmen in 1881, and the date of the warrant was changed to May 20, 1882. The case finds that it was the design of the selectmen to make the warrant apply to the tax-bill of 1882; but whether they failed in that or not, we think it clear that they succeeded in making it inapplicable to the tax-bill of 1881, and that the defendant cannot justify under it.

These holdings being decisive against the defendant, it is unnecessary to consider any other question raised in the case.

Judgment affirmed.