## EUNICE A. ADAMS v. GEORGE M. SLEEPER.

*Setting wife's sole property to husband and wife does not avoid list. Failure of clerk to record warning not fatal. No. 131, Acts 1888. Construction of statutes. Warning.*

1. The fact that the sole property of the wife is set in the list to herself and her husband jointly does not render the list void as against her.

2. In the construction of statutes the intention of the law-giver, when accurately ascertained, will prevail over the literal sense of terms.

3. The proceedings of a school district meeting are not void because the clerk failed to record the warning in accordance with No. 131, Acts of 1888.

4. Under a warning to see if the district will "vote to raise money to pay the district expenses," a vote to "raise money to support the school and pay the indebtedness of the district," is sufficiently definite.

Action of replevin for ten sheep and one colt. Plea, the general issue. Trial by jury at the June term, 1891, Taft, J., presiding. The court directed a verdict for the plaintiff. The defendant excepts.

It was conceded upon the trial that the plaintiff was the owner of the property replevied at the time it was taken by the

defendant. The defendant justified under a tax warrant, as a collector of taxes in school district No. 3, in the town of Washington. The warning for the meeting at which the taxes were voted, was not recorded until after the meeting was held.

The property upon which the taxes were levied was the sole property of the plaintiff, but the same was set in the grand list to the plaintiff and her husband.

The 3d and 4th articles in the warning, pursuant to which the school district meeting was held at which these taxes were voted were as follows : " 3. To see if the district will vote to support a school in said district the coming school year. 4. To see if they will vote to raise money to pay the district expenses." The record of the meeting showed the following action upon these two articles in the warning: " 3. To have 24 weeks school. 4. Voted to raise money to support the school and to pay the indebtedness of the district."

The court ruled that the property, being the sole property of the wife, was improperly set in the list to the plaintiff and her husband jointly : that the proceedings of the meeting at which the taxes were voted were void, for the reason that the warning was not recorded before the meeting ; that the vote of the district raising this tax was not in accordance with the article in the warning, and, therefore, void, and that the list was irregular and void for each of these three reasons, and the warrant no justification to the defendant.

No. 131, Acts of 1888, was as follows:

" Section 1. All warnings for town, city, village, school and fire district meetings, and warnings for freeman's meetings, and for the election of presidential electors, shall, before the same are posted, be recorded by the clerks of such town, city, school or fire district, respectively."

*Geo. L. Stowe* and *R. M. Harvey,* for the defendant.

No. 131, Acts of 1888 is merely directory, and a neglect upon the part of a clerk to comply with it, does not vitiate the

proceedings of the meeting if otherwise regular. Sedgw. Stat. and Const. Law, 368 ; *People* v. *Allen*, 6 Wend. 487 ; *Torrey* v. *Millbury*, 21 Pick. 64 ; *Colt* v. *Eves*, 12 Conn. 253, 4, 5 ; *Sowles* v. *Quinn*, 61 Vt. 354 ;. *Willard* v. *Pike*, 53 Vt. 210.

The vote to raise money was sufficiently definite and within the warning. *Chandler* v. *Bradish*, 29 Vt. 420 ; *Adams* v. *Hyde*, 27 Vt. 223.

No actual or intentional wrong was done the plaintiff by setting her property in the list to herself and husband, and the list was not invalidated thereby. *Wilson* v. *Wheeler*, 55 Vt. 446 ; *Brock* v. *Bruce*, 58 Vt. 261.

*J. K. Darling*, for the plaintiff.

The meeting at which this tax was voted was not legal. No. 131, Acts of 1888 ; *Greenbanks* v. *Boutwell*, 43 Vt. 207.

The vote raising the tax was not pursuant to the article in the warning for that purpose. *Bowen* v. *King*, 34 Vt. 156 ; *Brown* v. *Hadley*, 12 Vt. 472 ; *Chandler* v. *Bradish*, 23 Vt. 416.

The opinion of the court was delivered by

TYLER, J. 1. The plaintiff claims that the tax was illegal because her personal property and real estate were set in the grand list to B. H. Adams and wife instead of to herself alone. This point does not seem to us well taken. It cannot be said that the property was not set to Mrs. Adams as the owner : the error was in joining her husband's name with hers, as if they were joint owners. Sec. 322, R. L. makes it the duty of the tax payer to procure a blank inventory and fill out and complete the same in all respects as required by law and to return it to the listers on or before April 20th. So far as the personal estate is concerned, it is fairly to be presumed that the listers placed it in the list as it was returned to them, for the legal presumption is in favor of the regularity of the proceedings of public officers. The same may not be true as to the real estate, for the listers could have ascer_

tained the state of the title from the records of deeds and from the list of transfers prepared by the town clerk under section 345.

It is not the policy of the law to invalidate a list on account of errors when the listers have acted in good faith and the errors prove harmless. It seems that upon the refusal of the plaintiff to pay the tax assessed upon the list of B. H. Adams and wife her property was taken by the collector of taxes upon the tax warrant, so that the error in inserting the names of both husband and wife in the grand list, as the owners of the property, worked no harm.

2. It is further claimed that the school meeting at which the tax was voted was illegal because the warning for the meeting was not recorded before it was posted, as required by No. 131, Laws of 1888. This question must depend upon whether this act is mandatory or merely directory. Statutes are held to be directory or declaratory, according to the existence or want of certain indications of legislative intent.

" When statutes direct certain proceedings to be done in a certain way or at a certain time, and a strict compliance with these provisions of time and form does not appear essential to the judicial mind the proceedings are held valid, though the command of the statute is disregarded or disobeyed. In these cases by a somewhat singular use of language, the statute is said to be directory. In other cases the statute is held to be imperative or mandatory." Sedg. on Stat. and Cons. Law, 368.

This statute imposes no penalty upon the clerks of school districts for non-compliance with its requirements. It does not declare that school meetings shall be illegal and their proceedings void if held without such a record of the warning. Then what was the real purpose of its enactment?

It is an established rule in the exposition of statutes that the intention of the lawgiver is to be deduced from a view of the whole and of every part of a statute, taken and compared to-

gether. The real intention, when accurately ascertained, will always prevail over the literal sense of terms. The reason and intention of the lawgiver will control the strict letter of the law, when the letter would lead to palpable injustice, contradiction and absurdity. 1 Kent Com. 462. Are there any *indicia* from which the intent of the legislature in enacting this law can be gathered?

R. L. 521 requires that notices for school meetings shall specify the business to be transacted or questions to be considered at the meeting. The notice or warning is thus made by law the foundation for all the proceedings at the meeting held under it. *Sherwin* v. *Bugbee*, 17 Vt. 337. In the light of the importance of warnings for the different kinds of meetings named in the Act of 1888, the intent of the legislature is easily discoverable, which is that if the warning should be lost or destroyed the record of it might be produced and the meeting held under it. The purpose obviously was not to prevent meetings being held by towns, school districts and other municipal corporations named in the act, but to guard against a possible failure of such meetings through a loss of the warning therefor. It can hardly be conceived that the legislature intended that if a town meeting were held for the voters to exercise their right of suffrage in the choice of presidential electors, that the meeting must be declared illegal because the town clerk, through accident, ignorance or design, had omitted to record the warning. As was said by a learned jurist: "A strict and literal adherence to the letter and form of a statute in minor or non-essential particulars, will often defeat a remedy, or destroy a right which it was the principal intention of the legislature to create or provide."

3. Under articles 3 and 4 in the warning, "to see if the district will vote to support a school in said district the coming school year," and, "to see if they will vote to raise money to pay the district expenses," it was voted "to have 24 weeks of school" and, "to raise money to support the school and to pay the in-

debtedness of the district." On this point we quote the language of Redfield, Ch. J., in *Adams* v. *Hyde*, 27 Vt. 221, where the vote was, "that a tax should be raised to pay the expenses of the repairs of their school-house." "It is argued that the amount to be raised, or the rate *per cent* of the tax, should be limited in the vote. It is obvious that any such limitation could be but a conjecture, or approximation towards the truth. Really the most sensible and safe mode, must be, to do it in the mode here done. The only other mode would be to have a committee to examine and report the amount required, and to adjourn the meeting of the district to receive and ratify the report. But this, we think, may with propriety be left to the discretion of the committee, and that they may be authorized to assess a tax for the amount found necessary." *Bill* v. *Dow*, 56 Vt. 562. We think the vote clearly warranted the prudential committee in assessing the tax.

*Judgment reversed and cause remanded.*