THOMPSON *v.* GERRISH.  { March 22, 1876.

*Taxes—Ouster by one co-tenant—Assessment to another, when owner known.*

When one tenant in common enters into the possession claiming the whole title, either in his own right or under another, or when he undertakes to convey the whole title, it will in law be an ouster of the other tenant, and trespass *qu. cl.* may be maintained.

If one of the assessors knows who claimed to own a tract of land, and the board tax it to another person, to whom it had been taxed for several years preceding, the assessment will be bad, and a sale for non-payment of taxes will convey no title as against the real owner.

FROM COÖS CIRCUIT COURT.

TRESPASS *qu. cl.*, for cutting and carrying away timber from lot 9, range 11, in Berlin, during the winter following December 23, 1870. Plea, the general issue, with a brief statement that the acts complained of were done by the defendant under a license from Simon Cole, who had title to the lot. Trial before LADD, J., and a jury.

It was agreed that the amount of timber taken from the lot was 213¾ thousand, worth $2 per thousand on the stump; and that the plaintiff, if entitled to recover at all, is entitled to a verdict for one third of $427.50 ($142.50), with interest from the date of the writ, April 5, 1871. December 1, 1859, Edwin A. Hill was the sole owner of the premises, and on that day conveyed one undivided third part thereof to Henry Ewell. December 23, 1870, Henry Ewell conveyed one undivided third part of the same premises to the plaintiff Thompson. November 25, 1870, Edwin A. Hill conveyed the whole lot to Simon Cole, and the defendant expressly claimed at the trial that said deed from Hill to Cole made a good title to the whole lot in Cole, and the acts complained of were done under a claim of right, by virtue of the license aforesaid from Cole, the right of the plaintiff to any interest or title in the lot being denied. Upon the above facts appearing, the defendant moved for a nonsuit, which was denied, and the defendant excepted.

The defendant claimed that the title to the one third conveyed by Hill to Ewell, December 1, 1859, was again in Hill, November 25, 1870, when he conveyed to Cole, by virtue of a sale of said one third, for taxes, March 25, 1868, and a conveyance thereof to him by the collector of taxes of Berlin, in pursuance of said sale; and the remaining questions in the case relate to the validity of said tax sale and conveyance. The defendant put in the usual amount of documentary evidence, as to the assessment of the taxes, the sale and conveyance, which showed a valid sale and a good title passed thereby to Hill, unless the same was bad by reason of the objections thereto made by the plaintiff.

The fourth objection was a follows: " It does not appear in the inventory of non-residents to whom the land was taxed, whether to the owner or original owner. In fact, it was not taxed to either; and the owners were known." The following is a copy of the inventory:

*Inventory of the Ratable Estate of Non-Residents in the town of Berlin, taken April 1st, 1867.*

| Names of Owners and Original Proprietors. | No. of Acres. | No. of Lot. | Range. | Value. | State, County, and Town Tax. | School Tax. | Highway Tax. |
|---|---|---|---|---|---|---|---|
| Estate of R. Ingalls............ | 100 | 9 | 11 | $3.00 | 7.92 | .67 | 1.14 |

It appeared that the lot had been taxed to Robert Ingalls for several years before his death, and to his estate for several years after his death, including 1867; and that Fletcher I. Bean, one of the selectmen for 1867, knew who claimed to own it at that time—to wit, said Edwin A. Hill and said Henry Ewell. The plaintiff also objected that Hill and Ewell being tenants in common of the land at the time of the sale for taxes, Hill could get no title as against his co-tenant by the sale.

The questions arising upon the foregoing case were reserved at the trial term of the late supreme judicial court.

*A. S. Twitchell* and *G. A. Bingham,* for the plaintiff.

*Ray, Drew & Heywood,* for the defendant.

\* SMITH, J. If one tenant in common oust his co-tenant, the latter may maintain trespass. *Odiorne* v. *Lyford,* 9 N. H. 502, p. 511. If one tenant in common enter into possession of the tract in question, claiming either in his own right, or under another, the entire title, it will in law be an ouster of the other tenant, and a trespass, for which trespass *qu. cl.* may be maintained. *Wood* v. *Griffin,* 46 N. H. 230, p. 237. Here the defendant justifies under a license from Simon Cole, in whom he claims was the title to the whole lot; and Hill, the plaintiff's co-tenant, undertook to convey the whole title. These acts clearly constituted an ouster, so as to entitle the plaintiff to maintain trespass. The motion for a nonsuit was therefore properly denied.

The fourth objection taken by the plaintiff at the trial is well founded. The premises were taxed to the estate of R. Ingalls by the number of lot and range. The premises had been taxed to him for several years before his death, and to his estate for several years after his death ; but it appears from the case that Ingalls did not own the premises after

---

\* LADD, J., having presided at the trial, did not sit.

December 1, 1859, and how long prior to that date he parted with his title, if he ever had any, does not appear. Nor is it found that he was the original owner of the lot. The actual owners, at the time of the assessment in 1867, were Hill and Ewell. The case finds that Bean, one of the selectmen, knew that they claimed to own the premises at the time. His knowledge must undoubtedly be regarded as sufficient. The statute then in force (Rev. Stats., ch. 40, sec. 10) required that in the assessment of taxes " the unimproved lands of non-residents shall be taxed in the name of the owner, if known, otherwise in the name of the original proprietor, if known, otherwise without any name, and by the number of the lot and range, if lotted, and the quantity thereof, or by such other description as it may be readily known by." Ordinarily, all the selectmen can know in regard to the ownership of land is what they may learn from the claims made as to ownership, and from the occupation of the land. It has not generally been supposed to be their duty to require the claimant to exhibit his title deeds to them, or for them to examine the registry for the purpose of obtaining such knowledge. Such a practice would be expensive, tedious, and attended with delay, and would not always afford the desired information. If the selectmen know who claims to own the lot, know who is the reputed owner, especially if he is in the occupation of the premises, as would generally be the case, that must be sufficient. They are not required to have such knowledge as is to be derived from evidence such as would be received in a court of justice.

For the omission, then, of the selectmen of Berlin to tax these premises to the owners, when they knew who they were, the assessment must be held bad. *Cardigan* v. *Page*, 6 N. H. 192; *Ainsworth* v. *Dean*, 21 N. H. 400; *Smith* v. *Messer*, 17 N. H. 420.

It becomes unnecessary to examine the other objections raised at the trial. The plaintiff is entitled to judgment for $142.50, with interest from April 5, 1871.

CUSHING, C. J., and RAND, J., C. C., concurred.

*Judgment accordingly.*