TAFT *v.* BARRETT.

A record of the return of a sale of land for non-payment of taxes may be amended so as to conform to the facts; and such amendment may be made without terms, against one who bought the land after the assessment and before the tax sale.

An appointment of L. D. F. "collector of the town," is a sufficient appointment of L. D. F. as collector of taxes.

An advertisement of a sale of land for non-payment of taxes "on the fourth day of April next," posted January 31, 1874, and published in a newspaper three weeks successively in February, 1874, is a sufficient advertisement of a sale to be made on the fourth day of April, 1874.

Such advertisement need not follow the description of the tax as set down in the assessment; it will be sufficient if it contains the same name, same description of the land taxed, and amount of tax, which are inserted in the collector's list.

The assessment by the selectmen of a sum exceeding the amount of taxes legally authorized renders the assessment invalid as to the excess only.

A vote "to raise $1,000 to repair highways and bridges, and $600 for winter purposes if needed," is sufficiently definite to authorize the assessment of a tax.

WRIT OF ENTRY. Facts found by a referee. The plaintiff's title is a deed from G. T., dated Sept. 1, 1873, and recorded Jan. 5, 1874. The land was sold April 4, 1874, to the defendant by the tax-collector, for non-resident taxes assessed in 1873. The defendant's deed is dated April 5, 1875, and recorded June 7, 1875. The plaintiff's grantor owned the land when the tax was assessed. At the September term, 1875, the defendant moved that the tax record be so amended as to show the dates of the issue of the newspapers in which notice of the sale was published, and that only so much of the land was sold as would pay the taxes and incidental charges, and that the selectmen of 1873 were chosen by ballot. The proposed amendment states the facts correctly. The other material facts and exceptions appear in the opinion.

*Stevens & Parker*, for the plaintiff.

*Cross & Burnham* and *Sawyer & Sawyer, Jr.*, for the defendant.

CLARK, J. It is unnecessary to cite authorities to show that a record or return may be amended, when the amendment is shown to be conformable to the truth. The referee has found that the facts in this case warrant the amendments asked for, and the only question that arises is, whether the plaintiff is in a position to object to the amendments. By the assessment of the tax in April, 1873, it became a charge upon the land. *Bowles* v. *Clough*, 55 N. H. 389; *Dewey* v. *Stratford*, 42 N. H. 282.

At the time when the plaintiff received a deed of the premises, Sept. 1, 1873, they were subject to the statute lien. By proper inquiry she could have ascertained whether the taxes had been paid. The proceedings of the collector, in the advertisement and sale of the land for the non-payment of the tax, were subsequent to the plaintiff's deed; and of these proceedings she had constructive if not actual notice. The plaintiff therefore stands in no better position to object to the amendments than her grantor. *Whittier* v. *Varney*, 10 N. H. 291, 300, 301; *Gibson* v. *Bailey*, 9 N. H. 168; *Goodall* v. *Rowell*, 15 N. H. 572; *Bank* v. *Webster*, 44 N. H. 264; *Roberts* v. *Holmes*, 54 N. H. 560; *Paul* v. *Linscott*, 56 N. H. 347, 349; *Jaquith* v. *Putney*, 48 N. H. 138; *Bean* v. *Thompson*, 19 N. H. 290, 294. The amendments are allowed without terms.

The plaintiff objects that the record of the certificate of the oath, taken by the clerk of the county convention granting the county tax, is insufficient, because it does not show that he took the oath of office

prescribed by law. The record is, "sworn into office." If this is an exception, it can be obviated by amendment, and the amendment is one that may now be made. *Jaquith* v. *Putney*, 48 N. H. 138, 141.

The plaintiff objects that the appointment of the collector for the year 1873 was insufficient, because the words "of taxes" were not inserted after the word collector, in the appointment made by the selectmen ; and that the certificate of the oath is defective for the same reason. By the terms of the appointment, Fox was appointed collector of the town for the year 1873 ; and the certificate of the oath is, "Personally appearing, Lewis D. Fox, collector for the town of Mason, took the oath of office by law prescribed." No office of collector of a town, other than that of collector of taxes, is recognized by the statutes, and we think the appointment and certificate sufficiently definite.

The plaintiff also objects that the advertisement of the sale of the land was insufficient because it did not state the year in which the sale was to take place. The advertisement stated the time of sale to be "the fourth day of April next." It appears from the return that the advertisement was posted up Jan. 31, 1874, and remained posted until the day of sale, and that it was published in the newspapers three weeks successively in the month of February, 1874. The statute requires notice to be given of the time and place of sale, and we think the statement of the time of sale, as the fourth day of April next, was sufficiently definite, although the year was not stated. No one could be misled by the notice as to the time of the sale ; and if no one could be misled by it, the notice was sufficient.

The plaintiff objects that the notice posted and the publication did not contain the description of the tax as set down in the assessment. In the assessment it is put down "amount of tax $10.88." In the collector's list it is stated, "state, county, town, and school-tax $10.88." The notice followed the description given in the collector's list, and in this respect it was in compliance with the statute. Gen. St., *c.* 55, *s.* 7.

So, also, in regard to the exception, that in the publication in the *Gazette*, the word "tax" was omitted after the word "highway." The statute does not require the advertisement in the paper to be in the precise words of the collector's list. It requires that it "shall contain the same name, same description of the land taxed, and amount of tax, which is inserted in the collector's list."

It is also objected that the land was not taxed in compliance with the statute, and that it should have been taxed according to its true ownership,—that is, to George Taft one undivided half, and to the other owner in like manner. The description of the land in the assessment was by its boundaries. It was "such description as the land may be readily known by." Gen. St., *c.* 55, *s.* 1. The words "supposed Taft and Larkin" indicate that the owners were not known by the selectmen, and the description is sufficient. *Jaquith* v. *Putney*, 48 N. H. 139 ; *Cardigan* v. *Page*, 6 N. H. 182 ; *Smith* v. *Messer*, 17 N. H. 420. If the owners had been known, the selectmen

would not have been required to assess the interest of each owner separately, except upon request.   Gen. St., *c.* 52, *s.* 2.

The plaintiff also contends that the entire assessment is invalid because the whole highway tax assessed was $1,688.63, being $8.63 in excess of the amount voted, together with the authorized overlay of five per cent.   Section 1, chapter 9, Laws of 1871, provides that " if the selectmen shall assess a sum exceeding that which they have a right to assess, such assessment shall be thereby rendered invalid only as to such excess."   In the present case, the excess of the tax for which the land was sold, above the authorized assessment, was one cent.   This irregularity does not defeat the sale, and the objection as to the excessive tax may be obviated in the mode suggested in *Moore* v. *Kidder, ante,* 115, 116.

The only remaining objection relates to the vote under which the highway tax was assessed, which is as follows : " *Voted,* to raise $1,000 to repair roads and bridges, and $600 for winter purposes if needed." The plaintiff claims that this vote was too indefinite, and that the tax assessed thereon was illegal.   It is not contended that the town had not power to pass such a vote, or that it was not authorized under the article in the warrant.   The only objection made is, that the vote is too indefinite.   But we think the vote may be fairly construed to authorize the assessment of a winter highway tax, not to exceed six hundred dollars, and that it was left to the judgment of the select- men to determine the amount that would be needed for that purpose, within the limits of the vote.

In *Brown* v. *Hoadley,* 12 Vt. 472, the vote was "to raise a sum not exceeding $100 for the support of the school to be kept in said dis- trict the then next ensuing winter ; said sum to be the amount of the expenses of said school, after deducting $60 public money."   If was objected that the tax voted was not sufficiently definite in amount. The court say,—" It is objected that here was a discretion left with the prudential committee as to the amount to be raised within the limita- tion of one hundred dollars.   Admitting this to be true, we do not perceive that it furnishes any valid objection.   The district protected themselves by the limitation, and the amount of expense to be in- curred within the limit prescribed was a matter properly entrusted to the judgment of the committee.   It is believed that votes of towns as well as school-districts, to raise taxes not exceeding a specified sum, are sanctioned by very general practice."   See, also, *Adams* v. *Hyde,* 27 Vt. 221 ; *Chandler* v. *Bradish,* 23 Vt. 416 ; *West School District of Canton* v. *Merrills,* 12 Conn. 437.

We are of the opinion that the vote was sufficiently definite to authorize the assessment of the tax.   The plaintiff's exceptions are overruled, and upon the amendments being made there must be

*Judgment for the defendant.*

Stanley, J., did not sit.