SAWYER v. GLEASON.

Owners of land, who for several consecutive years have paid its taxes, assessed in a certain form, without requesting a change of the form, cannot object to the same form, followed by the assessors in taxing the same land the next year,—the assessors being authorized to act upon the inference, naturally drawn from the conduct of the owners, that the form is satisfactory to them.

An error or uncertainty of an immaterial statement of the value of property in a tax assessment does not invalidate the tax.

Figures separated by a decimal point, in the ordinary method of writing dollars and cents, with no other mark, are understood in the sense indicated by the point, the context, and the subject-matter.

Legal objections, that can be obviated at a trial, are ordinarily understood to be waived if not made known at the trial.

WRIT OF ENTRY, for an undivided half of a tract of land in Dublin. Facts found by a referee. The premises were bought in May, 1864, by William I. Sawyer and Eli Thomas, who took a deed in which the grantees were the plaintiff, and Richard Thomas. The grantees and the purchasers have, all the time, been non-residents. The premises were improved land, taxable as non-resident, and from 1864 to 1873 were assessed to Eli Thomas, who claimed to be the owner, and who paid the taxes annually during that period, being repaid one half of them by William I. Sawyer. In 1873 the tax was assessed as usual, in this form:

| Persons taxed | Description | Total value | Reduced value | Town, state & county tax | Highway tax |
|---|---|---|---|---|---|
| Eli Thomas | Jack Bemis farm | 600 | 300 | 6.00 | 1.80 |

For non-payment of this tax, there was a tax sale of the land to the defendant.

*Lane*, for the plaintiff.

*Faulkners & Batchelder*, for the defendant.

DOE, C. J.   The form of the assessment was the same in 1873 as in each of the previous eight years.   During all that time, Sawyer and Thomas, the plaintiffs in interest, had paid the taxes without objection ; and if they desired a different form of assessment, they should have made known to the selectmen what form they preferred.   The land was taxed to Thomas, who was one of the equitable owners, and claimed to be the owner.   It was described in the assessment as the " Jack Bemis farm," the name by which it had been generally known for more than thirty years.   The taxes, assessed with this description of the owner and the land, having been repeatedly paid by the plaintiffs without any suggestion of error, the selectmen were authorized to act upon the inference, naturally drawn from the conduct of the owners, that the description was satisfactory to them.

Whatever is meant by the figures " 600 " and " 300," under the heads " Total value " and " Reduced value," they do not invalidate the tax.   It is immaterial whether they are right or wrong.   The rest of the assessment being good without the statement of the value of the property, an error or uncertainty in that statement is harmless.

The figures "6.00 " and "1.80 " sufficiently designate the amount of the tax.   *Cahoon* v. *Coe*, 52 N. H. 518, 524.

The object of *s.* 6, *c.* 53, Gen. St., requiring a record of the invoice and tax in the town-clerk's office, is to give the tax-payer means of information.   The case does not show that neither the original nor a copy was in the office.

To the validity of the defendant's tax title the plaintiff now makes objections which possibly would have been obviated by evidence if they had been made at the trial.   This practice is inconvenient.   The plaintiff may move, at the trial term, for a hearing on these objections before the referee.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.