WOODBURY *v.* SWAN & a.

The holder of a mortgage cannot defeat a prior mortgage by acquiring a tax title.

BILL IN EQUITY, for the foreclosure of a mortgage against Swan, the holder of a subsequent mortgage, and for a decree against a tax title acquired by Swan while holding his mortgage. Reported in 58 N. H. 380. Facts found by the court.

*Bartlett*, for the plaintiff.

*C. U. Bell*, for the defendant.

BINGHAM, J.    It is a general rule, founded on the requirements of good faith, that any one interested in land with others, all deriving their titles from a common source, cannot acquire an absolute title to the land by a tax deed, to the injury of the others.    The payment of taxes by a mortgagee protects his interest, and for the protection of his interest he may acquire a tax title, but he cannot set up that title to defeat a prior mortgage.    1 Jones Mortgages, s. 680;  Cooley Taxation 348;  *M. S. Bank* v. *Bacharach*, 46 Conn. 513.

In the relations of these parties, Swan occupies the position of mortgagor.    If the plaintiff had paid the taxes, Swan could not redeem the land from the mortgage held by the plaintiff without payment of the same taxes to the plaintiff; and Swan cannot justly destroy that mortgage by buying the land when sold for taxes, for the payment of which by the plaintiff Swan must indemnify the plaintiff on redemption.    But the law of the case rests on a broader ground than this incident of redemption.    Mortgagor and mortgagee have a unity of legal interest in the protection of their titles against sale for non-payment of taxes, and against out-standing tax titles; and it is not equitable that either of them should act adversely to the other in the acquisition and use of such titles. Therefore, the mortgage contract comprises an implied agreement, that, while either party may buy a tax title for the preservation of his right in the mortgaged property, neither of them will buy a tax title for the extinguishment of the title, in the maintenance of which they, as well as partners and tenants in common, are in law jointly concerned.    The common interest of these parties in the mortgaged property creates a relation of trust and confidence, which limits Swan to an equitable use of the tax title acquired by him under that relation, and does not permit a use by which the entire common interest would be swept away.

*Decree for the plaintiff.*

ALLEN, J., did not sit: the others concurred.