### THOMPSON v. ELA.

A deed is not defeated by a manifestly erroneous statement of a course or bound, when the remaining description is sufficiently certain to locate the land.

The erroneous statement may be rejected, and there is no variance when such a deed is offered in evidence under a declaration setting forth its substance and legal effect.

An assessment of a tax upon land of a non-resident owner, in the name of one who is neither the owner nor the original proprietor, nor in the possession or occupation of the premises, is illegal, and a sale and conveyance of the land for non-payment of the tax conveys no title to the purchaser.

WRIT OF ENTRY on a mortgage. Facts found by a referee. The demanded premises are described in the mortgage as "a certain piece or parcel of land in Allenstown in said county of Merrimack and bounded as follows, to wit: Beginning at the northwesterly corner of the premises thence west 96 rods to a stone monument thence turning and running south 87 rods thence easterly on a parallel line with the first named line to the easterly line of said lot thence northerly on the line of lot number eight to the bound first mentioned said granted premises being known as part of Lot No. 10, in the fourth range of lots in said town of Allenstown containing fifty acres."

The plaintiffs having rested, the defendant moved for a nonsuit, because the land described in the writ and in the mortgage is not the same,—in the mortgage the place of beginning being the northwest corner thence west; in the writ the place of beginning being the north-east corner thence west;—also, because the description is

so indefinite the land cannot be located, and because the deed is void for uncertainty in the description. Motion denied, and the defendant excepted.

The defendant claimed title to the premises under a sale for taxes for the year 1858. They were taxed that year as non-resident, as follows:

| Names, | No. of lot | Range | Acres | Value | Total Value | Reduced | State Tax | Highway Tax |
|---|---|---|---|---|---|---|---|---|
| Aiken, Luther | 10, | 4, | 160, | 820, | $820, | 410, | 5.25 | 2.52 |

Luther Aiken was not the owner of the premises April 1, 1858, and had no interest therein except as mortgagee. The referee found for the plaintiff, and the court ordered judgment on the report for the plaintiff, to which the defendant excepted.

*Dana* and *Ray*, for the defendant. The plaintiff should have been nonsuited, (1) because of the variance between the averments of the declaration and the mortgage produced in evidence (1 Chit. Pl. 303, *Hart* v. *Chesley*, 18 N. H. 373, *Smith* v. *Wheeler*, 29 N. H. 334, *Lyon* v. *Kain*, 36 Ill. 362, *Obert* v. *Whitehead*, 6 Halst. L. 293, *Baxter* v. *Knox*, 19 Ill. 267); (2) because the description of the premises in the plaintiff's mortgage, if it had been accurately set forth in the declaration, was so indefinite that the land could not be located, and the mortgage was void for uncertainty. *Bean* v. *Thompson*, 19 N. H. 290; *Harvey* v. *Mitchell*, 31 N. H. 575. The land was properly assessed. In the case of non-resident land-owners, the tax is against the land and not against the person or goods of the owner. *Harris* v. *Willard*, (Smith) N. H. 63; *Dewey* v. *Stratford*, 42 N. H. 282, 286; *Alvord* v. *Collin*, 20 Pick. 418. The latter case is directly in point, and is entitled to great weight, for the reason that the case shows the Massachusetts statute at that time was in substance the same as ours, if not identical with it.

*Mugridge* and *S. C. Eastman*, for the plaintiff.

CLARK, J. That there is an error in the description of the land in the mortgage is apparent from the deed itself; and it is equally apparent that the error consists in describing the place of beginning as the north-westerly instead of the north-easterly corner of the lot. To begin at the north-westerly corner of a lot of land and run west on a line of the same lot, is an impossibility. Taking the whole description, it is manifest that the point of beginning is the north-easterly corner of the lot; and rejecting the word north-westerly, which is evidently erroneous, the remaining description is sufficiently certain. The misdescription is immaterial; and there was no variance between the declaration and the mortgage, because the description in the deed was, in substance and legal effect, the same as the declaration. *Nutting* v. *Herbert*, 35 N. H. 120, 125; *Beal* v. *Gordon*, 55 Me. 482; *Galvin* v. *Collins*, 128 Mass. 525.

The defendant acquired no title under the collector's deed. The tax of 1858 was assessed to Luther Aiken upon the whole of lot 10, of which the demanded premises are a part. Luther Aiken was neither the owner nor the original proprietor of the premises, nor was he in the possession or occupation of them when the tax was assessed. The land was neither taxed in the name of the owner, the original proprietor, nor without any name, and the tax was not assessed in conformity to the statute. "Unimproved lands of non-residents shall be taxed in the name of the owner if known, otherwise in the name of the original proprietor if known, otherwise without any name　＊　＊　＊." Rev. St., *c.* 40, *s.* 10. An assessment of a tax upon land of a non-resident owner in the name of one who is neither the owner nor the original proprietor, nor in the possession or occupation of the premises, is illegal; and a sale and conveyance of the land for non-payment of the tax conveys no title to the purchaser. The case of *Alvord* v. *Collin*, 20 Pick. 418, cited by the defendant, is not an authority, because the statute under which the tax in that case was assessed did not require non-resident owners of unimproved lands to be named in the assessment. *Desmond* v. *Babbitt*, 117 Mass. 233; *Jaquith* v. *Putney*, 48 N. H. 138; *Paul* v. *Linscott*, 56 N. H. 347; *Thompson* v. *Gerrish*, 57 N. H. 85; *Ainsworth* v. *Dean*, 21 N. H. 400.

*Exceptions overruled.*

STANLEY and SMITH, JJ., did not sit: the others concurred.