## DREW v. MORRILL.

The mayor of a city is empowered to administer official oaths to all city officers.

The acceptance of a collector's bond, filed within the statutory period of six days, by the mayor and aldermen of a city, after that time, is a valid approval of the bond, and relates back to the time of filing.

In the assessment of resident land for taxation, the statue does not require a more definite description of the land than that the name of the owner and the value of the land be given in the invoice.

The signing of the official certificate of the assessment by a majority of the board of assessors is sufficient.

An error of description in the original memorandum of one of the assessors and not appearing in the general invoice, as made up and signed by the board of assessors, does not vitiate the assessment.

In the sale of land for taxes, the statute does not require that the description of the land in the notices of sale be the same as in the assessment. It is sufficient if it shows the land to be the same.

The taking of an official oath is sufficiently proved by a record showing that the oath by law prescribed has been taken, without showing before whom it was taken, or in what official capacity he administered the oath.

The date of a tax-collector's warrant shows, with sufficient certainty, the
year for which the tax is assessed, without an express statement of that
fact.

The tax upon real estate under mortgage is properly assessed against the
mortgagor in possession.

TRESPASS, *qu. cl.* The facts found by a referee appear in the
opinion.

*Ray & Walker,* for the plaintiff.

*J. Y. Mugridge* and *E. H. Woodman,* for the defendant.

ALLEN J. Land, of which the defendant had a mortgage, was
sold for taxes to the plaintiff's grantor. The time for redemption
from the tax sale having elapsed, and the plaintiff being in posses-
sion under a title derived from the collector's sale, the defendant
entered the premises claiming title by virtue of a mortgage, which
is the trespass complained of in this suit. The defence is an attack
on the plaintiff's title for irregularities in the assessment and col-
lection of the tax.

1. The land was sold for the taxes of 1876. Objection is made
that the aldermen, councilmen, assessors, and city clerk, of the
city where the taxes were assessed, took the oath of office that
year before the mayor. All the provisions of the statutes relating
to selectmen and town-clerks of towns are construed to apply
to the mayor and aldermen and city clerks of cities, respectively,
unless a different intent appears. Gen. St., *c.* 40, *s.* 2. One of
the selectmen may administer oaths to town officers. Gen. St., *c.*
18, *s.* 2; *c.* 38, *s.* 1. The mayor is expressly authorized to administer
official oaths to aldermen and councilmen (*c.* 42, *s.* 3), and, having
conferred on him the powers of selectmen of towns, no different
intention appearing, might lawfully administer the oath of office
to the assessors and other city officers. The assessors and clerk
were *de facto* officers, and it was not necessary to the validity of
the tax to show that they were sworn. *Tucker* v. *Aiken,* 7 N. H.
113; *Baker* v. *Shephard,* 24 N. H. 212.

2. The collector, not having filed his bond within the period re-
quired by the statute, was a second time appointed. Having filed
his bond on his second appointment, within six days, it was not
accepted and approved by the mayor and aldermen for twenty-
seven days; and objection is made that the appointment was in-
valid because there was no vacancy, and because the bond was
not accepted within the statute period of six days. There was a
vacancy by reason of the appointee's not filing his bond as the stat-
ute required (Gen. St., *c.* 39, *s.* 4), and the second appointment was
lawfully made (*c.* 39, *s.* 3). The bond seasonably filed could
not be accepted until a meeting of the board gave the proper offi-

cers opportunity. The bond being sufficient, the acceptance related back to the time of filing. If not, the acceptance made the official qualification complete from that time. *Pierce* v. *Richardson*, 37 N. H. 307. The collector being an officer *de facto*, the failure to file a bond could not be made an objection in this proceeding. *Tucker* v. *Aiken, supra; Smith* v. *Messer*, 17 N. H. 420, 429.

3. Objection is made that the description of the land in the official assessment is insufficient, on the ground that neither the owner nor the mortgagor could, from the description alone, identify the land, or have notice of the tax, so as to redeem it from the tax sale. No description of the land is given except that, in the invoice, under the head of "land and buildings," opposite the name of the owner, the valuation is set down. It might seem reasonable that a description sufficiently definite and exact by which to identify the land should be required. In case of resident lands, the statute does not expressly require any more than that the value of improved and unimproved lands shall be set down in separate columns in the invoice (Gen. St., *c.* 52, *ss.* 3, 4), while in appraising non-resident lands the law expressly requires that the name of the owner, if known, otherwise of the original owner, be given, the number and range of the lot, and if these are not known, such a description of the land as it may be readily known by must be contained in the list. Gen. St., *c.* 55, *s.* 1. An express statute requirement of certain details of description in case of non-resident lands, with no requirement in case of resident lands, leads to the conclusion that the legislature did not deem it necessary that there should be a definite description given in the assessment of resident lands.

4. It is objected that only a majority of the assessors signed the official certificate of the assessment. The signing by a majority of the board was sufficient. *Smith* v. *Messer*, 17 N. H. 420.

5. The memorandum or original entry-book contained an error in the description of the land, which does not appear in the invoice. The memorandum entries, or original entries of one assessor, do not constitute the official invoice. The invoice as made up and signed by the board of assessors is the true one; and the fact that the original memorandum of one assessor contained an error could not affect, control, or vitiate the true official invoice as finally made up and signed, and the description in which, of the land sold, is conceded to be correct.

6. The description of the land in the notices of sale was fuller, and contained more details, than the description in the assessment. In the sale of land of residents, the statute does not require the description of the land to be the same in the notices of sale and in the assessment. Gen. St., *c.* 54, *s*, 14. A reasonable description, from which the land can be identified, may be posted or published, and if the additional particulars in the notices do no more

than to make more certain what land is intended, the objection cannot be urged against the validity of the tax sale. The certificate of posting the notices was sworn to eight days after the sale. Affidavits of posting the notices, with evidence of the collector's proceedings at the sale, must be filed in the town-clerk's office within ten days after the sale. Gen. St., *c.* 54, *s.* 15. It was enough that the certificate of posting was sworn to before that time.

7. The objection, that the records of the school-district meeting, at which money was raised in 1876, which included a part of the tax in question, do not show before whom the district officers then chosen took the prescribed official oath, is not tenable. It is a sufficient record which states that the officers took the oath by law prescribed, without stating before whom it was taken. *Mason* v. *Thomas*, 36 N. H. 302.

8. Upon the same authority, the objection that the record of the meeting of the county convention for Merrimack county in 1875, at which the money for the following year was raised, does not show that Charles P. Sanborn, before whom the clerk was sworn, was authorized to administer the oath, must be overruled. If the record was sufficient without showing before whom the oath was taken, it must be enough, if the official or magisterial character of the person be omitted. If it were necessary to show this, the record could be amended for that purpose. *Jaquith* v. *Putney*, 48 N. H. 138.

9. The warrant to the collector did not show for what year the taxes were assessed, excepting from its date; and this shows with sufficient certainty for what year the assessment was made.

10. The tax upon the whole value of the land without regard to the mortgage was properly assessed against the mortgagor. *Morrison* v. *Manchester*, 58 N. H. 538. And all the taxes assessed against the mortgagor, including those on personal estate and poll as well as on real estate, being a lien on the land, it was liable to be sold for taxes. Gen. St., *c.* 54, *s.* 13. The exceptions are overruled, and there must be

*Judgment on the report for the plaintiff.*

DOE, C. J., CLARK and BLODGETT, JJ., concurred: SMITH and CARPENTER, JJ., dissented on the third point: STANLEY, J., did not sit.