## BURPEE *v.* RUSSELL.

The assessment of a tax upon land in the actual occupancy of a non-resident owner, who is known to the selectmen, to a former deceased owner, or in his name, is erroneous; and a sale and conveyance of the land for non-payment of the tax conveys no title to the purchaser.

WRIT OF ENTRY, to recover an undivided half of a tract of land in New Hampton called the Russell pasture. The plaintiff's title was a collector's deed on a sale of the land for non-payment of the taxes assessed upon it for the year 1882. For several years

prior to 1879 the land was owned by John Russell, who sold it April 4, 1879, to Sarah A. Russell, the wife of the defendant, and Mary F. Hoyt. It was pasture land belonging to a farm in Meredith on which the defendant and his wife lived, and the defendant occupied the land after the conveyance by John Russell to his wife in 1879. In 1880 and 1881 the land was taxed to John Russell, as it had been previous to 1879. In June, 1881, the husband of Mary F. Hoyt, one of the owners, complained to the chairman of the board of selectmen of the way the land was taxed, informed him who were the owners, and declined paying the taxes unless assessed to the right party. The selectman said if he had anything to do with the assessment the next year he would have it taxed to the owners. The same person was chairman of the board in 1882, but made no change, taxing the land to John Russell as before. John Russell died in August, 1881. The collector seasonably mailed a bill of the taxes on the land directed to " John Russell, Meredith Centre, N. H.," but it did not appear that the defendant or his wife received it. In May, 1882, the collector left a bill of the taxes with a neighbor of the defendant, and at the same time saw the defendant's wife and notified her of the same, and the defendant and his wife both knew that the land was taxed, how it was taxed, and of the proceedings of the sale for taxes, but did not pay them because the land was not taxed as they desired and claimed it should be.

*T. J. Whipple,* for the plaintiff.

*Jewell & Stone,* for the defendant.

CLARK, J. To maintain the action, the plaintiff must show a legal sale of the land for non-payment of a tax legally assessed upon it in substantial compliance with the requirements of the statute. This he failed to do. The land was in the actual occupancy of a non-resident owner, and should have been taxed as non-resident unless the owner consented to be taxed for it according to the provisions of Gen. Laws, c. 54, s. 11. *Bowles* v. *Clough,* 55 N. H. 389. It was not taxed to the owner, nor as non-resident in the name of the owner, although the owner was known to the selectmen. The assessment of a tax upon land in the actual occupancy of a non-resident owner who is known to the selectmen, to a former deceased owner or in his name, is erroneous, and a sale and conveyance of the land for non-payment of the tax conveys no title to the purchaser. *Thompson* v. *Gerrish,* 57 N. H. 85; *Thompson* v. *Ela,* 60 N. H. 562. The notice of the tax was not in compliance with the statute. G. L., c. 58, s. 2; c. 59, s. 2.

*Judgment for the defendant.*

BINGHAM, J., did not sit: the others concurred.