Coös,    }
June, 1895. }

BENTON v. MERRILL.

68  369
69  568
69  570

The validity of a general warrant for the collection of all taxes, made in conformity with G. L., c. 57, s. 8, cannot be destroyed or impaired by the issuance of a defective warrant for the collection of non-resident taxes, not required by the statute.

A tax sale will not be invalidated because the account of sales filed by the collector with the town clerk was an unattested copy of the original return; nor because the list of redemptions was made by the town clerk, upon information seasonably furnished by the collector.

The repeated payment by the true owner, of taxes assessed on non-resident lands in the name of a person deceased, is sufficient to warrant a continuance of such assessment.

Payment of taxes on non-resident lands is not such conclusive evidence of ownership as to entitle the taxpayer to be treated by the collector as the known owner.

TRESPASS, *quare clausum*, with an additional count in trover. Pleas: (1) To both counts, the general issue; (2) to the first count, soil and freehold in the defendant; (3) to the first count, not the soil and freehold of the plaintiff. Facts found by a referee.

The plaintiff introduced a deed of the premises in question from Weeks and Hutchins, as tenants in common, to himself, and an earlier deed from Dewey to said Weeks and the plaintiff, as tenants in common. It did not appear what Hutchins's interest was. Both deeds were duly recorded. The plaintiff offered evidence of certain acts of possession on the part of Weeks. The question of their sufficiency was in dispute, but becomes immaterial in the view taken by the court.

The defendant claimed title by virtue of a purchase under a tax sale of the premises as non-resident lands, in 1884, by the collector of Stratford, and conveyances by him to the defendant's grantor, and by the latter to the defendant.

The warrant to the collector for the collection of non-resident taxes for 1883 was signed by only one of the selectmen. It was under seal and required the collector "to collect the taxes in the annexed list," etc., which annexed list was signed by a majority of the selectmen and was sworn to. Neither the list nor the warrant was dated.

The collector made a return of the sales, and signed and swore to it. He retained the original return, and filed with the town clerk copies of the return and the jurat thereon. The

copies were true copies of the original, but were not attested as such.   The town clerk's record was made from the copies.

The collector testified, subject to the plaintiff's exception, that the lands had not been redeemed.   A copy of his return of sales was seasonably recorded.   The plaintiff claimed that there was no such return of lands redeemed as is required by law, that the sale was void for this reason, and that there was no evidence that the lands had not been redeemed.

In 1883, the lands were, and for some years prior had been, taxed to Ebenezer Wooster, who was long since dead.   The collector who made the sale for the taxes of 1883 had acted for several years, and the taxes for some of the preceding years had been paid to him by the plaintiff or Weeks.   It did not appear that the collector gave any formal notice of the tax of 1883 to the plaintiff or to Weeks, but it is more probable than otherwise that he wrote one of them, inquiring upon what lands in his town they desired to pay taxes that year, and received no reply.   The deed to the plaintiff and Weeks was on record before the assessment of the tax for 1883, but the collector had no knowledge of the ownership of the lands except from the payment of the taxes in prior years by the plaintiff or Weeks. The plaintiff claimed that notice of the tax should have been given by the collector to him or to Weeks, and also that the taxes should have been assessed to one or both of them, as the known owners of the land.

*Drew, Jordan & Buckley* and *Henry Heywood*, for the plaintiff.

*Ladd & Fletcher*, for the defendant, stated in their brief that, in addition to the defective warrant for the taxes of 1883, mentioned in the reserved case, there was another warrant for the collection of both the resident and non-resident taxes of that year, signed by a majority of the selectmen, and complete and formal in every particular; and they asked for leave to procure an amendment to that effect.

BLODGETT, J.   Assuming that an amendment of the case will be granted, to the effect that, in addition to the invalid warrant to the collector for the collection of the non-resident taxes for 1883, there was another general warrant for the collection of both the resident and non-resident taxes for that year "complete and formal in every particular," the defendant shows a superior title under the collector's deed of the premises to his grantor, given upon a sale made in 1884 for the taxes assessed in 1883, whether the title set up by the plaintiff is or is not sufficient to sustain his action.   But one general warrant is provided for by the statute for the collection of all taxes, both

resident and non-resident (G. L., *c.* 57, *s.* 8), and its validity cannot be destroyed or impaired by any additional and unnecessary warrant like that which appears in this case to have been made. It is surplusage merely.

The objection that the account of sales filed by the collector with the town clerk, under G. L, *c.* 59, *s.* 7, was not the original, but an unattested copy with a copy of the jurat on the original, and that the town clerk's record was made from such copy, is not well taken in view of the finding that " the copies were, in fact, true copies of the original, but were not attested as such." The account being a true one, and having been seasonably recorded, the legislative object, namely, to enable the landowner to obtain at the town clerk's office correct information as to the extent and amount of the sale, was fully secured. *Cahoon* v. *Coe,* 52 N. H. 518, 526, 527. But the statute does not require an attested copy. Its language is : " The collector shall, within ten days after any sale, deliver to the town clerk an account of the sales, with the charges of sale, under oath, copies of the newspapers in which the advertisement was published, and the advertisement posted, with an affidavit that it was so posted, which shall be kept on file ; and the said account, advertisement, and affidavit shall be recorded by the town clerk, and a certified copy of such record shall be competent evidence." G. L., *c.* 59, *s.* 7. And, furthermore, it might well be held that these provisions are directory merely, and that even a total failure to comply with them would not invalidate the sale. *Wells* v. *Company,* 47 N. H. 235, 258, and authorities cited ; *Cahoon* v. *Coe, supra,* 526 ; *Odiorne* v. *Rand,* 59 N. H. 504, 506.

The objection that there was no list of redemptions left with the town clerk by the collector, as required by G. L., *c.* 59, *s.* 13, is disposed of by the application of principles already stated to the finding of the referee, that " Within the time limited by statute, the collector informed the town clerk of such lands as were redeemed, and of the dates and amounts paid in redemption, but did not file any statement thereof; the clerk entered the lands redeemed, and dates and sums paid, upon the record under the return of sales, having left a blank space, apparently at the time of the record of the sales, in said record for that purpose, which he filled in upon information obtained from the collector, when any lands were redeemed."

The objection that the lands should have been assessed to the plaintiff and Weeks as the known owners, is likewise not well taken. The fact that the deed to them was on record before the assessment of these taxes, is of no importance upon the question of the selectmen's knowledge as to the ownership of the lands (*Thompson* v. *Gerrish,* 57 N. H. 85, 87); and as it is not found, and does not appear, that the selectmen knew the plaintiff and Weeks to be the owners, the presumption is they

were not so known to them. *Jaquith* v. *Putney*, 48 N. H. 138, 139, and authorities cited. But this is not all; for it is found that the lands were taxed by the same description the year in question that they had been in preceding years, for some of which, at least, the taxes had been paid by the plaintiff or by Weeks, without any objection, so far as appears. This of itself was sufficient to authorize the selectmen to continue the same description, and to estop the plaintiff from now objecting to it. *Sawyer* v. *Gleason*, 59 N. H. 140, 141.

The remaining objection, that no bill of taxes was sent either to the plaintiff or to Weeks, has no validity. The statute requires it to be done only when the owners are known. G. L., c. 59, s. 2. The finding of the referee is that "the collector had no knowledge of the ownership of these lands, excepting from the payment of the taxes assessed upon them in prior years by the plaintiff or his cotenant." But while this may have been sufficient to authorize an inference on the part of the collector that they had an interest in the lands and might be the owners, it cannot be regarded as a necessary consequence; nor, when standing alone, can it be fairly held to have afforded such evidence of the ownership as required him to know it within the statutory intendment. He was entitled to have knowledge of the ownership derived from evidence such as would satisfy persons in general in the like situation; and it was not his duty to examine the registry for the purpose of obtaining such knowledge. *Thompson* v. *Gerrish, supra*. Giving to the inference all the weight to which it can be entitled as evidence against him, it sufficiently appears he did not know that the plaintiff and Weeks were the owners of the lands, from his letter to them inquiring whether they had any lands in his town on which they desired to pay the taxes; and, in addition to this, the presumption is he did not know they were the owners, because officers acting under oath, or in whom the government reposes a trust, are presumed to have done their duty till the contrary is clearly and explicitly proved. *Cross* v. *Brown*, 41 N. H. 283, 288; *Proctor* v. *Andover*, 42 N. H. 348. Nor is this all; for if it were even held that the payment of the taxes by the plaintiff and Weeks to him in some of the prior years was such knowledge on his part of their ownership of the lands as to make it his duty to send them a bill of the taxes on them for the year in question, it is difficult to see, in view of his letter of inquiry to them as to such ownership and their failure to make any reply, why he would not be justified in understanding, as he evidently did, that they had abandoned any claim to the ownership of these lands which could arise from their payment of the taxes on them in some of the preceding years.

*Case discharged.*

All concurred.