Rockingham, }
  June, 1899. }

LANGLEY v. BATCHELDER & a.

A father is not precluded by the relationship from acquiring a valid title. at a tax sale of his son's land.

Where the selectmen have no knowledge of a change in ownership, land is properly assessed by them to the former owner, if at the time of the assessment they believe him to be the owner.

The details required in the description of land assessed as non-resident. are not required in the description of lands invoiced as resident.

A description sufficient for the invoice is sufficient in an advertisement of a sale for non-payment of taxes.

The advertisement of a sale upon the resident list is sufficient if it contains the name of the person to whom the land was taxed instead of the actual owner at the time of sale; and such advertisement need not state that the place of sale is a public place.

A tax sale is not invalidated by failure of the collector to file an account of the sale with the town clerk within ten days.

As against a previously existing title, the acknowledgment of a tax deed is not essential to its validity.

The validity of a tax-collector's deed is not affected by an erroneous statement of the consideration.

WRIT OF ENTRY. Facts found by a referee. December 19, 1889, the plaintiff was put in possession of the demanded premises, situated in Nottingham, by virtue of a valid levy of an execution issued upon a judgment in his favor against Cyrus P. Batchelder. The execution and return of the levy were duly recorded, December 31, 1889. The defendants' title was derived from a sale of the land for taxes assessed against Cyrus for the year 1891. For several years prior to the levy, Cyrus owned two tracts of land situated in different parts of Nottingham, together containing about seventy-nine acres. He was a resident of that town, but was employed elsewhere the greater portion of the time. The land was taxed to him as a resident in the years 1888, 1889, and 1890, but the plaintiff, to protect his attachment of and levy upon it, paid the taxes of 1888 and 1889, and a portion of of those of 1890. In 1891 the land was invoiced for taxation in the resident list as follows:

| Names. | No. acres. | Total value. | |
|---|---|---|---|
| Cyrus P. Batchelder. | 79 | 230 | Etc. |

The taxes upon it were: highway, $1.40; state, county, town, and school, $3.70. The invoice and assessment were subscribed

and sworn to by the selectmen, and were left with the town clerk for record, September 5, 1891. The tax not having been paid in full, the collector of taxes posted, April 15, 1892, at two public places in Nottingham, advertisements for the sale of the land, May 28, 1892, at two o'clock P. M., at a designated public place in that town. The advertisements contained the following particulars:

| Name of owner. | Description of land. | Occupant. | Tax. | Am't tax paid or abated. |
|---|---|---|---|---|
| Cyrus P. Batchelder. | 79 acres. | | $2.58. | |

At the time and place appointed, so much of the land as would pay the taxes and incidental charges was offered for sale by auction, and the whole was sold,— no one offering to make the payment for a less quantity of the land. The sale of the lands of other delinquent tax-payers, advertised for the same time and place in the same advertisement, was then adjourned by an oral declaration to May 31, and was then further adjourned to June 1, when the sale of all lands advertised was completed. The collector delivered an account of the sale to the town clerk for record, June 8, 1892. By a deed dated June 15, 1894, not acknowledged, " in consideration of the tax for the year 1891, and the incidental charges and the taxes for the years 1892 and 1893, amounting to fourteen dollars and twenty cents," he conveyed to the purchaser and his heirs and assigns " seventy-nine acres, being all the real estate taxed to Cyrus P. Batchelder for the years 1891, 1892, and 1893 in the town of Nottingham."

In December, 1890, the plaintiff, when he paid the balance of the tax for that year, informed the collector that he claimed an interest in the land. The selectmen who assessed the tax of 1891 understood that Cyrus P. Batchelder owned the land, and had no knowledge that the plaintiff claimed an interest in it. No notice of the tax of 1891 was given to the plaintiff, and he made no inquiry concerning it and did not offer to pay it. He was taxed for other lands in the town.

Subject to the plaintiff's exception, the referee allowed an amendment to the collector's certificate of the posting of the notices of the sale, and to the town clerk's record of the same.

The plaintiff relied upon the following objections to the validity of the tax title under which the defendants claimed: (1) C. H. Batchelder, the purchaser at the tax sale, was the father of Cyrus, to whom the land was taxed; (2) the land should have been assessed to the plaintiff as non-resident; (3) the assessment was void for uncertainty, and no attempt was made to comply with P. S., *c.* 58, *s.* 4; (4) there was no sufficient description in the advertisement, because it does not disclose whether the land was improved or unimproved; (5) the plaintiff was not named as owner in the advertisement of sale; (6) the name of the occupant

was not stated; (7) the place of sale was not stated to be, and was not, a public place; (8) the account of sale was not filed with the town clerk within ten days of the sale; (9) the collector's deed was not acknowledged; (10) the consideration was erroneously stated in the deed.

*Andrews & Andrews* (with whom were *Drury & Hurd*), for the plaintiff.

*Eastman & Hollis* and *John W. Kelley*, for the defendants.

PARSONS, J. The amendment of the collector's return of the notice of sale and the town clerk's record thereof was properly allowed. *Davis* v. *Sawyer*, 66 N. H. 34; *Taft* v. *Barrett*, 58 N. H. 447. The plaintiff's title having matured prior to the tax presents no reason why the amendments should not now be made. *Gibson* v. *Bailey*, 9 N. H. 168, 176.

I. No facts are found establishing any legal or moral obligation on the part of the purchaser at the tax sale to pay his son's tax, or any contract or fiduciary relation between them as to the property which made it inequitable for the father to acquire the title. The relation of father and son, the only fact appearing, imposed no liability upon the father in relation to the land, and gave him no possession or control over or interest in it, present or prospective. Owing his son no duty in respect to the delinquent tax, and standing in no contract or fiduciary relation with him, there was nothing to preclude the father from obtaining a valid title to the land as against his son. *Laton* v. *Balcom*, 64 N. H. 92, 94; *Kezer* v. *Clifford*, 59 N. H. 208; *Woodbury* v. *Swan*, 59 N. H. 22; *Brown* v. *Simons*, 44 N. H. 475, 477, 478; Cool. Tax. 345–348.

II. Cyrus P. Batchelder was a resident and inhabitant of the town. He owned the land prior to the plaintiff's levy. At the time of the assessment the selectmen understood he claimed the land and believed him to be the owner. They had no knowledge that the plaintiff owned or claimed to own any interest in it. Under these circumstances, the land was properly taxed as resident to Batchelder. P. S., c. 56, ss. 1, 14; *Benton* v. *Merrill*, 68 N. H. 369; *Thompson* v. *Gerrish*, 57 N. H. 85, 87.

III. It is agreed that the land was unimproved wood and timber land, and that there were no buildings upon it. Therefore P. S., c. 56, s. 23, can have no application, as that section by its terms applies only to improved land. *Bowles* v. *Clough*, 55 N. H. 389, 391, 392. In making the assessment of real estate in the resident list, the statute does not expressly require anything except that the selectmen shall set down in their invoice, in separate columns, the value of improved and unimproved lands; of

buildings separately assessed; of mills, carding machines, etc.; and that in the column of improved and unimproved lands shall be set down all buildings situate on such lands and owned by the owners thereof, except such buildings as are specifically required to be placed in a different column. P. S., *c.* 58, *ss.* 3, 4. The express requirement of certain details in the description of land in the non-resident list, and the omission of such requirement in the resident list, leads to the conclusion that the legislature considered such particular description unnecessary in the latter case. *Drew* v. *Morrill*, 62 N. H. 23, 25. The statute does not require separate columns in the invoice for improved and unimproved lands. P. S., *c.* 58, *ss.* 3, 4.

IV. The description of the land in the advertisement or notice of sale was the same as in the invoice. The statute requires that in sale of real estate upon the non-resident list the description shall be the same in the advertisement as in the list. P. S., *c.* 61, *s.* 3. This is not required in sales upon the resident list; hence a different description, if it is apparent the land is the same, will not invalidate a sale. *Drew* v. *Morrill*, 62 N. H. 23. If the same description is used, the identity of the land is apparent. The statutory provision as to the description required in the sale for taxes upon the non-resident list is evidence that a description sufficient in the invoice is sufficiently definite in the advertisement of sale. This consideration, with the absence of any requirement of any additional particulars except the name of the occupant, if any, establishes the legislative judgment that no further description is necessary.

V. The objection that the name of the plaintiff as owner was not inserted in the notice, though known to the collector, is sufficiently answered by the statute, which, in the case of resident real estate, requires the statement of the name of the owner, or of the person to whom the land was taxed. P. S., *c.* 60, *s.* 14. The land was taxed to Batchelder as owner. The insertion of his name in the advertisement as owner complies with the law.

VI. As before stated, the parties agree that the land was unimproved and that there were no buildings upon it, that is, that it was unoccupied,— a fact which perhaps might be inferred from the fact that no occupant was named in the notice. *Smith* v. *Messer*, 17 N. H. 420, 427; *Cardigan* v. *Page*, 6 N. H. 182, 192. The failure to name some person as occupant of unoccupied land does not avoid the sale under the statute requiring the name of the occupant, if any, to be stated.

VII. The statute does not require the notice of sale to contain the statement that the place of sale was a public place. It appears from the case that the sale was in fact advertised and held at a public place in the town.

VIII. It is further objected that the account of sale and accompanying papers were not delivered to the town clerk

within ten days of the sale. P. S., c. 61, s. 7. The sale of the land in question was legally made upon the day advertised, May 28. The statute provides: "If necessary, the sale may be adjourned from day to day, not exceeding three days, by proclamation made at the place of sale within the hours aforesaid." P. S., c. 61, s. 5. The collector had, therefore, unquestioned authority to adjourn the sale as late, at least, as May 31. The account of sale was delivered to the town clerk June 8, which was within ten days of that date to which it appears it was attempted to adjourn the sale. The statute calls for a single account. It cannot have been intended that, where an adjournment of the sale became necessary, separate accounts of each day's proceedings should be filed. If, therefore, the sale were legally adjourned to May 31, the account was filed in season. But if it were not, the land having been legally sold May 28, the title of the purchaser could not be affected by subsequent error of the collector in the adjournment, or his neglect to deliver to the town clerk the account and papers required, within the time prescribed. *Benton* v. *Merrill, supra,* 371; *Wells* v. *Company,* 47 N. H. 235, 258; *Smith* v. *Messer,* 17 N. H. 420, 428, 429.

IX. The acknowledgment of the collector's deed was not essential to its validity as against the plaintiff's previously acquired title. *Roberts* v. *Rice, ante, p.* 472; *Cushing* v. *Miller,* 62 N. H. 517, 524; *Stevens* v. *Morse,* 47 N. H. 532, 533; *Montgomery* v. *Dorion,* 6 N. H. 250.

X. At the time the deed was given, no redemption having taken place, the purchaser under the tax sale was entitled to a deed without further payment. The validity of his deed would not be affected by the fact, if it were the fact, that the collector required him to pay the taxes of 1892 and 1893 before giving the deed. As soon as the taxes for those years were paid by the purchaser, the plaintiff could not redeem from the sale of 1891 without paying the tax of 1891 and incidental charges, and the subsequent taxes paid by the purchaser. P. S., c. 61, s. 11. So that, when the deed was given, the sum required to redeem was that named as the consideration of the deed. The giving of the deed ended the plaintiff's right of redemption. Therefore the erroneous statement of the consideration for the deed in no way prejudiced the plaintiff, nor can he complain of the payment of the subsequent taxes by the purchaser, in the light of the statute expressly authorizing such payment. Other objections urged in argument are answered by the findings of fact made by the referee, and present no question of law.

*Judgment for the defendants.*

PEASLEE and YOUNG, JJ., did not sit: the others concurred.